FILED
U.S. DISTRICT COURT
2005 MAR 30 P 2: 36
DISTRICT OF UTAH
BY:_____
   DEPUTY CLERK

STEPHEN QUESENBERRY (8073)
LANCE N. LONG (4873)
J. BRYAN QUESENBERRY (9156)
HILL, JOHNSON & SCHMUTZ, L.C.
Jamestown Square
3319 North University Avenue
Provo, Utah 84604
Telephone (801) 375-6600

**Attorneys for Plaintiff and Third-Party Defendants Terry Pearce, Tony Pearce, TCP Family Limited Partnership, and TVGCP, Ltd.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LC, <br><br> Plaintiff, <br><br> vs. <br><br> CLOUD NINE, et al., <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER PRELIMINARY INJUNCTION RULING** <br><br> Case No. 1:04CV00117 TS |
| CLOUD NINE, et al, <br><br> Counterclaim-Plaintiffs and Third-Party Plaintiffs, <br><br> vs. <br><br> EDIZONE, LC, <br><br> Counterclaim-Defendant, <br><br> and | Judge Ted Stewart <br> Magistrate Judge Samuel Alba |

91

## FACTS

1. Defendants' preliminary injunction hearing Exhibit No. 1 was the Affidavit of Tony Pearce. (See, Defendants' Exhibit List attached hereto as Exhibit A).

2. Paragraph 39 of the Affidavit of Tony Pearce states, "On February 8, 2002, EdiZONE terminated the license granted to Cloud Nine in the License Agreement, ***but did not terminate the License Agreement itself***." (See, Exhibit B attached hereto) (emphasis added).

3. Defendants' preliminary injunction hearing Exhibit No. 2 was a termination letter from Edizone to Cloud Nine dated February 8, 2002. (See, Defendants' Exhibit List attached hereto as Exhibit A).

4. The February 8, 2002 termination letter states:

> . . . in accordance with Paragraph 12.3 [of the License Agreement], the breach is deemed incurable and EdiZONE as the Licensor has the right to terminate *the License* at any time by providing written notice to the Licensee. This is that notice. *Your License* is hereby terminated as of February 15th, 2002.

(See, Exhibit C, pg. 2) (emphasis added).

5. Defendants' preliminary injunction hearing Exhibit No. 3 was a termination letter from Edizone to Cloud Nine dated March 12, 2002. (See, Defendants' Exhibit List attached hereto as Exhibit A).

6. The March 12, 2002 termination letter states, "We remain willing to discuss the matter, but only under the terms set out in our 27 February 2002 letter. Meanwhile, as you know, Cloud Nine's license for aftermarket seat cushions is now terminated." (See, Exhibit D, pg. 2).

3

## ARGUMENT

## THE COURT SHOULD RECONSIDER ITS RULING DENYING EDIZONE'S MOTION FOR PRELIMINARY INJUNCTION BASED ON THE LICENSE AGREEMENT

At the conclusion of the recent March 25, 2005 preliminary injunction hearing, the Court denied Edizone's preliminary injunction motion, one basis of which was an injunction pursuant to the parties' License Agreement (the other basis for a preliminary injunction was 35 U.S.C. § 283). The Court explained that it denied Edizone a preliminary injunction under the License Agreement because it found that Edizone had terminated the License Agreement which made said agreement no more operable. Edizone now respectfully moves the Court to reconsider this ruling.

Rule 54(b) of the Federal Rules of Civil Procedure provides the Court an opportunity to revisit its previous decisions prior to the entry of final judgment:

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

(Emphasis added). The Court should revisit and revise its preliminary injunction ruling denying Edizone a preliminary injunction under the License Agreement based on the undisputed evidence that Edizone did *not* terminate the License Agreement. Instead, the evidence – i.e. as found in Defendants' own preliminary injunction hearing exhibits – shows that Edizone only terminated

4

the license. Consider the following:

- Affidavit of Tony Pearce (Defendants' hearing Exhibit No. 1). This affidavit states, "On February 8, 2002, EdiZONE terminated the license granted to Cloud Nine in the License Agreement, ***but did not terminate the License Agreement itself***." (See, Exhibit B, ¶ 39) (emphasis added).

- February 8, 2002 termination letter from Edizone to Cloud Nine (Defendants' hearing Exhibit No. 2). This letter states:

    . . . in accordance with Paragraph 12.3 [of the License Agreement], the breach is deemed incurable and EdiZONE as the Licensor has the right to terminate ***the License*** at any time by providing written notice to the Licensee. This is that notice. ***Your License*** is hereby terminated as of February 15th, 2002.

(See, Exhibit C, pg. 2) (emphasis added).

- March 12, 2002 termination letter from Edizone to Cloud Nine (Defendants' hearing Exhibit No. 3). This letter states, "We remain willing to discuss the matter, but only under the terms set out in our 27 February 2002 letter. Meanwhile, as you know, ***Cloud Nine's license for aftermarket seat cushions is now terminated***." (See, Exhibit D, pg. 2) (emphasis added).

Thus, based on the first three of Defendants' preliminary injunction hearing exhibits, the undisputed evidence shows that Edizone did not terminate the License Agreement. To the contrary, the Edizone has consistently acted (as per its two termination letters and affidavit) that the License Agreement was still in force and effect and that pursuant to which Edizone still had rights it could enforce against Cloud Nine's infringement. As indicated in the two termination letters, the only thing Edizone terminated was the license it gave to Cloud Nine in the License Agreement which allowed Cloud Nine to use Edizone's intellectual property.

5

Accordingly, Edizone moves the Court to reconsider its ruling at the recent preliminary injunction hearing which denied Edizone a preliminary injunction under the License Agreement.

DATED this 30 day of March, 2005.

HILL, JOHNSON & SCHMUTZ, L.C.

Stephen Quesenberry
J. Bryan Quesenberry
Attorneys for Plaintiff

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on the 30 day of March, 2005, they caused a true and correct copy of the foregoing memorandum to be delivered to the following:

A. JOHN PATE
Pate Pierce & Baird
215 South State Street, #550
Salt Lake City, Utah 84111

FINNIUM, INC.
William E. Sandberg - Registered Agent
1090 East 30th Street
Ogden, Utah 84403

FINNIUM, INC.
William E. Sandberg - Registered Agent
2859 South 650 East
Bountiful, Utah 84010

WILL SANDBERG
1090 East 30th Street
Ogden, Utah 84403

WILL SANDBERG
2859 South 650 East
Bountiful, Utah 84010

Sent Via:
____ Hand-Delivery
____ Facsimile
✓ Mailed (postage prepaid)

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.