IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, LC,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>CLOUD NINE, LLC, et al.,<br><br>    Defendants, Counterclaim-Plaintiffs,<br>    and Third-Party Plaintiffs. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE ORDER TO QUASH<br><br><br>Case No. 1:04-CV-117 TS |

      On March 1, 2006, attorneys for Defendants, Counterclaim-Plaintiffs, and Third-Party Plaintiffs A. John Pate and Gary D.E. Pierce were served with a Subpoena Duces Tecum ordering their appearance at depositions to be held on March 21, 2006.  Mr. Pate and Mr. Pierce quickly filed a Motion to Quash those subpoenas on March 8, 2006.  Before Plaintiff filed a response, Chief Magistrate Judge Alba granted the Motion to Quash on March 13, 2006.  Plaintiff has filed the instant motion which seeks to set aside the Order granting the Motion to Quash.  Because the Order was issued before Plaintiff could respond, the Court will grant Plaintiff's Motion to Set Aside the Order.

1

For non-dispositive pretrial matters, this court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review.[1] Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[2] Courts recognize that wide discretion is given to the Magistrate Judge in discovery rulings.[3]

Here, the Magistrate Judge granted the Motion to Quash three business days after it was filed. DUCivR 7-1(b)(3) provides that the opposing party should have 15 days to file a memorandum opposing the motion. Plaintiff did not have that opportunity here. The Court finds that Plaintiff should have been given the opportunity to respond to the Motion to Quash before the Order was entered. Therefore, the Court will reverse Chief Magistrate Judge Alba's Order Granting the Motion to Quash. The Court will not, however, rule on the substance of the Motion to Quash. The Court believes that the Magistrate Judge is in a better position to rule on the Motion once Plaintiff has responded to it.

It is therefore

ORDERED that Plaintiff's Motion to Set Aside Order to Quash (Docket No. 267) is GRANTED. It is further

ORDERED that the Order Granting Motion to Quash (Docket No. 263) is REVERSED. It is further

---

[1] 28 U.S.C. § 636(b)(1)(A).

[2] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[3] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

ORDERED that Plaintiff's respond to the Motion to Quash within fifteen (15) days of this Order.  Defendants, Counterclaim-Plaintiffs, and Third-Party Plaintiffs may then file a discretionary reply within seven (7) days thereafter.

DATED April 12, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge