IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, LC,<br>                 Plaintiff,<br>    v.<br><br>CLOUD NINE, LLC, et al.,<br>                 Defendants.<br><br>---<br><br>CLOUD NINE, LLC, et al.,<br>                 Counter-Claim Plaintiffs, and<br>                 Third-Party Plaintiffs,<br>    v.<br><br>EDIZONE, LC,<br>                 Counter-Claim Defendant,<br>and<br><br>TERRY PEARCE, et al.,<br>                 Third-Party Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS VOLUNTARILY WITH PREJUDICE OF SELECTED CLAIMS AGAINST DEFENDANTS CLOUD NINE, EASY SEAT, RODNEY FORD, AND BLAINE FORD<br><br>Case No. 1:04-CV-117 TS |

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff has filed a Motion to Dismiss Voluntarily

with Prejudice ("Plaintiff's Motion") its Fifth Cause of Action (Federal Trademark Infringement

and False Designation of Origin) as against Defendants Cloud Nine and Easy Seat, and its

Seventh Cause of Action (Deceptive Trade Practices) as against Cloud Nine, Easy Seat, Rodney Ford and Blaine Ford.[1]

Defendants oppose this motion, stating that Plaintiff improperly seeks to dismiss only those defendants who are covered by insurance, namely, the suppliers of allegedly infringing products ("Supplier Defendants"), in an attempt to force a settlement with the remaining uninsured defendants, resellers of allegedly infringing products ("Reseller Defendants").[2] Also, Defendants point out that granting Plaintiff's Motion may adversely affect the outcome of a separate pending case ("the Insurance Case") in which Defendants seek declaratory judgment as to their insurer's coverage liability for the causes of action in this case.[3]

Under Fed. R. Civ. P. 41(a)(2) a district court has discretion "to dismiss an action . . . upon such terms and conditions as the court deems proper."[4] "[A]bsent legal prejudice to the defendant, the district court normally should grant such a dismissal."[5] "[P]rejudice is a function of . . . practical factors including: '[1] the opposing party's effort and expense in preparing for trial; [2] excessive delay and lack of diligence on the part of the movant; [3]

---

[1]Docket No. 337.

[2]Docket No. 350.

[3]*Id.* at 7; Case No. 1:05-CV-88 TC.

[4]*Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation and citation omitted).

[5]*Id.* (quotation and citation omitted).

insufficient explanation of the need for a dismissal; and [4] the present stage of the litigation.'"[6]  The Court addresses these factors in turn.

First, as to expense in preparing for trial, Defendants cite *Brown v. Baike*[7] for the proposition that a defendant's ability to seek reimbursement is a key consideration as to this factor.[8]  Defendants then argue that dismissing claims against the Supplier Defendants may prevent Reseller Defendants from seeking reimbursement from Supplier Defendants' insurance coverage.[9]  Defendants also assert that, in the event Reseller Defendants are held liable, and Supplier Defendants are required to indemnify, the latter may have lost their insurance coverage in the Insurance Case.[10]

As a preliminary matter, the Court notes that a defendant's ability to seek reimbursement is not necessarily a factor of expense in preparing for trial.  In *Brown*, reimbursement became a factor in a dismissal without prejudice because of concerns that the defendant would incur duplicative expenses upon the plaintiff's refiling of the case.[11]  Here, however, Plaintiff moves to dismiss claims with prejudice, and there is no concern that the claims will be re-adjudicated in the future.

---

[6]*Id.* (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[7]413 F.3d 1121 (10th Cir. 2005).

[8]Docket No. 350, at 6-7.

[9]*Id.*

[10]*Id.* at 7-8.

[11]*Brown*, 413 F.3d at 1123, 1126.

More importantly, Defendants' ability to be reimbursed post-trial from its insurance coverage is entirely unrelated to determining whether granting Plaintiff's Motion would be unfair in light of the expenses Defendants have incurred as a result of trial preparation.  This is especially true when, as here, Plaintiff moves to dismiss claims with prejudice, and Defendants are not faced with the possibility of relitigating Plaintiff's claims.  Even if there were some connection between reimbursement and expenses incurred, Defendants have failed to demonstrate that insurance coverage would fail if Plaintiff's Motion is granted.  Therefore, in the absence of other supporting evidence, the factor of "expense in preparing for trial" weighs in favor of dismissal.

Second, with respect to excessive delay and lack of diligence on the part of the movant, Defendants either fail to make any relevant arguments or confuse this factor with the fourth factor.[12]  Because there is no indication that Plaintiff has delayed this litigation or acted without diligence, this factor also weighs in favor of dismissal.

Third, Defendants, pointing to warranty against infringement and contributory infringement causes of action, assert that, in seeking to dismiss Supplier Defendants, Plaintiff's Motion "does not make sense."[13]  More specifically, Defendants assert that these causes of action usually result in the primary liability of suppliers.[14]  Defendants assert that Plaintiff's true motivation in seeking dismissal is to obtain an unfair tactical advantage by

---

[12]*See* Docket No. 350, at 6.

[13]*Id.* at 1.

[14]*Id.* at 2-4.

dismissing only insured defendants.[15]  Plaintiff, on the other hand, argues that the need for

dismissal relates to its failure to find sufficient evidence in discovery to maintain the causes of

action and defendants related to the motion.[16]

This Court is satisfied with Plaintiff's explanation.  Plaintiff concedes that the evidence

does not support warranty against infringement or contributory infringement causes of action

against the defendants which relate to this Motion, and further points out that no such causes

of action are pleaded against the defendants in Plaintiff's Motion.[17]  Importantly, Defendants

themselves concede that Plaintiffs are correct in asserting that the evidence does not support

the claims which form the basis for Plaintiff's Motion.[18]  Moreover, that Plaintiff may gain

some incidental tactical advantage is no bar to the Court's granting Plaintiff's Motion.[19]

Accordingly, this factor also weighs in favor of dismissal.

Finally, Defendant argues that because dispositive motions were due on May 15, 2006,

and because discovery is substantially complete, Plaintiff's Motion should not be granted at

this stage in the litigation.[20]  Plaintiff's argue that there are still several months until the

---

[15]*Id.* at 4-6.

[16]Docket Nos. 337, 352.

[17]Docket No. 352, at 3-4.

[18]Docket No. 350, at 2.

[19]*See, e.g.*, *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (citing 9 C. Wright & Miller, *Federal Practice and Procedure* § 2364, at 165 (1971)).

[20]Docket No. 350, at 6.

January 8, 2007 trial date.[21]  Because hearing for various summary judgment motions is set for October 23, 2006,[22] and because discovery is substantially complete, this Court finds that the present stage of litigation factor weighs against dismissal.

Nevertheless, after viewing the appropriate factors in their entirety, this Court determines that there is no legal prejudice to Defendants in granting Plaintiff's Motion.  It is therefore

ORDERED that Plaintiff's Motion to Dismiss Voluntarily with Prejudice of Selected Claims Against Defendants Cloud Nine, Easy Seat, Rodney Ford, and Blaine Ford (Docket No. 337) is GRANTED.

DATED September 18, 2006.

BY THE COURT:

_____

TED STEWART
United States District Court Judge

---

[21]Docket No. 352, at 8-9.

[22]Docket No. 322.

6