IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, LC,<br>      Plaintiff,<br>v.<br><br>CLOUD NINE, LLC, et al.,<br>      Defendants.<br><br>CLOUD NINE, LLC, et al.,<br>      Counter-Claim Plaintiffs, and<br>      Third-Party Plaintiffs,<br>v.<br><br>EDIZONE, LC,<br>      Counter-Claim Defendant,<br>and<br><br>TERRY PEARCE, et al.,<br>      Third-Party Defendants. | MEMORANDUM DECISION<br>AND ORDER STRIKING THE<br>ADDITIONAL AFFIDAVIT OF<br>EDWARD EARL ELSON AND<br>DENYING PLAINTIFF'S MOTION<br>FOR EXTENSION OF TIME<br>TO FILE AFFIDAVIT<br><br>Case No. 1:04-CV-117 TS |

This matter is before the Court on two motions: (1) Defendants' Motion to Strike Additional Affidavit of Edward Earl Elson,[1] and (2) Plaintiff's Motion for Enlargement of Time to File Additional Affidavit of Edward Earl Elson.[2] Both motions relate to Plaintiff's June 19, 2006 filing of a Supplement to Appendix in Support of Motion for Partial Summary Judgment

---

[1]Docket No. 339.

[2]Docket No. 354.

1

for Infringement of the Patents at Issue, wherein Plaintiff provided the Additional Affidavit of Edward Earl Elson ("Additional Elson Affidavit").[3]  Because Plaintiff filed its corresponding summary judgment motion[4] a month earlier, on May 19, 2006, Defendants seek to strike the Additional Elson Affidavit as untimely.  Plaintiffs oppose Defendants' Motion and alternatively seek an extension of time from the Court so as to retroactively accept the affidavit.

I. *Defendants' Motion to Strike*

Pursuant to Fed. R. Civ. P. 12(f), Defendants move to strike the Addition Elson Affidavit because it was untimely as filed subsequent to the Plaintiff's corresponding motion.[5]  Defendants correctly point out that Fed. R. Civ. P. 6(d) states that "[w]hen a motion is supported by affidavit, the affidavit *shall* be served with the motion[.]"[6]  However, Rule 12(f) is an improper vehicle for Defendants' Motion.

Rule 12(f) states that "upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

---

[3] Docket No. 330.  The affidavit is so referenced because an earlier affidavit by Elson was attached to Plaintiff's Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment of Invalidity of All Asserted Claims of U.S. Patent Nos. 5,749,111 and 6,026,527. Docket No. 298.

[4] Docket No. 316.

[5] Docket No. 340, at 3-4.

[6] Plaintiff attempts to avoid this rule by asserting that the Additional Elson Affidavit does not really "support" the summary judgment motion because it is merely provided for convenience to the Court, and does not provide additional evidence.  Docket No. 349, at 11.  However, the Court finds that Plaintiff's reading of the rule is too narrow as it overlooks the obvious fact that there would probably be no current dispute over the affidavit if it did not, in fact, support, at least in some manner, Plaintiff's Motion against Defendant.

scandalous matter."[7]  Rule 12(f) is improperly relied upon by Defendants here because: first, it only applies to pleadings, not motions such as summary judgment; and second, the rule "is neither an authorized nor a proper way to . . . strike an opponent's affidavits."[8]

However, this leaves the Court with the question of how to deal with Plaintiff's untimely filed affidavit.  The Court, therefore, turns to Plaintiff's Motion for Enlargement of Time.

II.  *Plaintiff's Motion for Enlargement of Time*

Pursuant to Fed. R. Civ. P. 6(b)(2), Plaintiff moves this Court to extend the time allowed to file the Additional Elson Affidavit from May 19, 2006, the date the Plaintiff's summary judgment motion was submitted, to June 19, 2006, the date the Additional Erson Affidavit was filed.[9]

Rule 6(b)(2) allows for enlargement of time "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect."[10]  "Whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[11]  "Such circumstances include '[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable

---

[7] Fed. R. Civ. P. 12(f).

[8] 5C C.Wright and Miller, *Federal Practice and Procedure*, § 1380.

[9] Docket No. 347, at 2.

[10] Fed. R. Civ. P. 6(b)(2).

[11] *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

3

control of the movant, and [4] whether the movant acted in good faith.'"[12]  Of these factors, "fault in the delay [is] perhaps the most important single factor . . . in determining whether neglect is excusable."[13]  These factors are addressed in turn.

      As to the first factor, Plaintiff argues that the Additional Elson Affidavit provided nothing new in this case beyond that which is already on the record, and that, in any case, it was submitted before Defendants' response was due.[14]  Defendants state that the Additional Elson Affidavit was submitted "just before" their response was due.[15]  This Court agrees with Plaintiff.  Defendants submitted their response to Plaintiff's summary judgment motion on June 21, 2006.[16]  Plaintiffs submission of the affidavit two days prior to when Defendant submitted its response provided sufficient time to either address the affidavit, which does not introduce novel issues, in the response, or file a motion for extension of time.  Accordingly, this factor weighs in favor of extension.

      Second, Plaintiff does not directly address the length of the delay, but argues that, as the summary judgment hearing is scheduled for October 23, 2006, the filing of the Additional Elson Affidavit does not adversely impact the judicial proceedings.[17]  Defendants emphasize that Plaintiff delayed filing the affidavit for one month after it was due, and that this is significant

---

[12]*Id.*

[13]*Id.* at 1163 (quotation and citation omitted).

[14]Docket No. 349, at 12-13.

[15]Docket No. 340, at 5.

[16]Docket No. 334.

[17]Docket No. 349, at 13.

because it corresponded to the time Defendants were given to respond to Plaintiff's motion.[18] Although Plaintiff's filing was fully one month after the underlying deadline, Plaintiff is correct in noting that the delay does not greatly affect the judicial proceedings here.  The Court finds that this factor is inconclusive.

Third, as to the reason for the delay, Plaintiff somewhat elusively asserts that the affidavit was simply not available earlier.[19]  Plaintiff notes that "the parties were very busy during the time that plaintiff's motion was filed."[20]  Considering Plaintiff's failure to elaborate, this Court must assume that, although filing the affidavit was within its grasp, Plaintiff determined that other matters were more pressing, and therefore took priority.  In any case, it appears unlikely that Plaintiff had little or no control over the filing of the affidavit for the entire period of delay. Accordingly, the Court notes that this factor clearly weighs against extension.

Finally, as to whether he acted in good faith, Plaintiff argues that it did not intentionally delay submission of the affidavit; rather, it gave Defendants sufficient time to address the affidavit before the latters' response and oral argument on the Motion.[21]  Defendants imply that the delay may have been deliberate.[22]  The Court is not convinced that Plaintiff acted in bad faith. Therefore, this factor weighs in favor of extension.

Nonetheless, viewing the factors in their entirety, especially Plaintiff's explanation for the

---

[18]Docket No. 340, at 6.

[19]Docket No. 349, at 13-14.

[20]*Id.* at 14.

[21]*Id.* at 14-15.

[22]Docket No. 340, at 7.

cause of the delayed filing of the supplemental affidavit, this Court finds that Plaintiff has not demonstrated excusable neglect. The Court will therefore deny Plaintiff's Motion. The Court will grant Defendant's Motion to Strike, not under Rule 12(f), but under Rule 6(d). It is therefore

ORDERED that Plaintiff's Motion for Enlargement of Time to File Additional Affidavit of Edward Earl Elson (Docket No. 354) is DENIED. It is further

ORDERED that the Additional Affidavit of Edward Earl Elson be stricken pursuant to Fed. R. Civ. P. 6(d), because it was not filed with Plaintiff's Motion. Accordingly, it is

ORDERED that Defendants' Motion to Strike Additional Affidavit of Edward Earl Elson (Docket No. 339) is GRANTED pursuant to Fed. R. Civ. P. 6(d).

DATED September 20, 2006.

BY THE COURT:

_____
TED STEWART
United States District Court Judge