A. John Pate (6303)
Gary D.E. Pierce (6312)
Warren M. Pate (10268)
PATE PIERCE & BAIRD
215 South State Street, Suite 550
Salt Lake City, Utah 84111
Telephone: (801) 530-0330

*Attorneys for Defendants,
Counter-Claim Plaintiffs,
and Third-Party Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LC,<br>  Plaintiff,<br>v.<br>CLOUD NINE, LLC, et al.,<br>  Defendants.<br><br>CLOUD NINE, LLC, et al.,<br>  Counter-Claim Plaintiffs, and<br>  Third-Party Plaintiffs,<br>v.<br>EDIZONE, LC,<br>  Counter-Claim Defendant,<br>and<br>TERRY PEARCE, et al.,<br>  Third-Party Defendants. | Civil Case No.<br>1:04 CV 00117 TS<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION UNDER RULE 60 OR, IN THE ALTERNATIVE, FOR AN ENTRY OF JUDGMENT UNDER RULE 54(b) AND A STAY**<br><br>Judge Ted Stewart<br>Magistrate Judge Samuel Alba |

Defendants, Counter-Claim Plaintiffs and Third-Party Plaintiffs, Cloud Nine, LLC, Easy Seat, LLC, Rodney Ford, Blaine Ford, Rex Haddock, and Gilbert Lee, each individually and dba Gel Seat Cushions, Gel Seat Cushions, LLC, together with William Sandberg, individually and dba Gel Tec, and dba Finnium, Inc., and Barry McCann, individually and dba CrossGel, LLC and/or www.crossgel.com (collectively referred to herein as "Defendants"), by and through their counsel of record, hereby submit the following Memorandum in Support of Defendants' Motion for Reconsideration under Rule 60 or for an Entry of Judgment under Rule 54(b) and a Stay.

## ARGUMENT

**1.     Pursuant to Rule 60,[1] this Court Should Reconsider and Amend its Judgment on the Issue of Inequitable Conduct as the Standard of a Reasonable Jury Requires**

This Court analyzes Defendants' claim for inequitable conduct on a standard of *clear and convincing evidence* when the true standard is that of a *reasonable jury*. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis added). In its analysis of inequitable conduct, with respect to the '450 patent, this Court states that "Defendants have not met their burden in establishing a threshold level of intent, through *clear and convincing evidence* . . . ." *See* Order on Motions for Judgment on the Pleadings, Motions to Strike, and Motions for Summary Judgment (the "Order") at p. 21 (Docket No. 381). Application of the standard of clear and convincing evidence is incorrect.

---

[1] The Tenth Circuit has established the procedural protocol that a motion for Amendment of Judgment under Rule 59(e) that is filled after the ten (10) day deadline is treated as a Rule 60(b) Motion to Reconsider. *Searles v. Dechant*, 393 F.3d 1126, 1130 (10th Cir. 2004).

This Court should have applied the standard of a reasonable jury to the issue of inequitable conduct. *Anderson*, 477 U.S. at 248. Although this Court correctly focuses on intent as one of the key issues of inequitable conduct, the question of intent, in the context of inequitable conduct, is a question of fact. *B.F. Goodrich Co. v. Aircraft Braking Systems*, 72 F.3d 1577, 1584, (Fed. Cir. 1996). At summary judgment, this Court must decide whether a genuine issue of material fact exists in terms of whether a <u>reasonable jury</u> could find intent based on the evidence presented by Defendants. *Anderson*, 477 U.S. at 248. The Court must not engage in its own weighing of the evidence. *Id.* at 242.

A reasonable jury can determine that the evidence presented by Defendants clearly and convincingly points to intent. As this Court properly recognizes, "direct evidence of intent or proof of deliberate scheming is rarely available in instances of inequitable conduct, but intent may be inferred from the surrounding circumstances." *See* Order at p. 21 (quoting *Critikon v. Becton Dickinson Vascular Access*, 120 F.3d 1253, 1256 (Fed. Cir. 1997). Indeed, intent is usually found in no other way. Defendants provide evidence of such "surrounding circumstances" in documents authored by Plaintiff and its patent counsel by which a reasonable jury could find intent on the part of Plaintiff not to disclose a material, prior art reference to the United States Patent and Trademark Office (the "Patent Office").

Defendants provide a letter from Plaintiff, demonstrating knowledge on the part of both Plaintiff and Plaintiff's patent attorney of the importance and materiality of a certain prior art patent reference. *See* Crossland Letter, attached hereto as Exhibit A. Defendants show that neither Plaintiff, nor Plaintiff's patent attorney disclosed the prior art patent reference to the

Patent Office for consideration when required so to do by law. *See* 37 C.F.R. §1.56(a), 37 C.F.R. §§1.97 and 1.98 (describing the requirements of an Information Disclosure Statement, the document used by the Patent Office to determine the merits of the invention claimed in a patent application). Furthermore, Defendants provide additional correspondence from Plaintiff showing that, at all relevant times, Plaintiff's patent attorney knew the law and the disclosure requirement to submit the prior art reference. *See* November 7, 2000 letter to John Y. Chen, attached hereto as Exhibit B. It is not controlling that the reference is briefly mentioned in the text of the patent, since the Patent Office would have no duty or reason to consider the reference in terms of its true implications. *See* 37 C.F.R. §§1.97 and 1.98.

Defendants urge this Court to reconsider its position that "Defendants point to no evidence" of inequitable conduct with respect to U.S. Patent Nos. 5,749,111 (the "'111 patent") and the 6,026,527 (the "'527 patent") and, hence, that as a matter of law Plaintiff's are entitled to Summary Judgment. *See* Order at p. 7. In their Memorandum in Opposition to Plaintiff's Cross Motion for Partial Summary Judgment Dismissing Defendants' Counterclaims for Invalidity and Unenforceability of the Patents-in-Suit ("MOPP") (Docket No. 334), Defendants provide evidence that Plaintiff and Plaintiff's patent counsel (1) knew of a certain prior art patent reference, namely, U.S. Patent No. 5,444,881 (hereinafter "Landi"), and (2) knew that the disclosures and teachings of Landi were material prior art. *See* MOPP at pp. 15–17. The "background" section of the '111 patent at issue in the present litigation even refers to Landi as "relevant prior art." *See* the '111 patent at col. 1, lns. 12–19 and col 4, lns. 24–28, attached as Exhibit A to MOPP (Docket No. 334). Hence, Plaintiff and Plaintiff's patent counsel knew

Landi to be material. Furthermore, this statement was present in the application from the day it was originally filed with the patent office, indicating that Plaintiff and Plaintiff's patent counsel knew that Landi was material when they submitted their information disclosure statement pursuant to 37 C.F.R. §1.56(a), 37 C.F.R. §§1.97 and 1.98, and that they had a duty to call the Patent Office's attention to the Landi prior patent reference because of its materiality.

In cases, such as the present case, where the materiality of a reference and knowledge of that materiality have been established, the Federal Circuit has determined that not only may a reasonable jury find intent, but that a reasonable jury should find intent absent a controlling counter consideration. The Federal Circuit explains that: "[n]o single factor or combination of factors can be said always to require an inference of intent to mislead; yet a patentee facing a high level of materiality and clear proof that it _knew or should have known_ of that _materiality_, can expect to find it _difficult to establish 'subjective good faith'_ sufficient to prevent the drawing of an inference of intent to mislead." *FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411, 1416 (Fed. Cir. 1987) (emphasis added).

Moreover, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. Thus Defendants' evidence is entitled to the benefit of this standard.

2.  **In the Alternative, This Court Should Stay the Trail and Enter Judgment Under Rule 54(b)**

This Court should make its judgment final on the issue of inequitable conduct with an "express direction for the entry of judgment" under Rule 54(b) and should stay the proceedings

while the issue is resolved on appeal. Upon a determination that there is "no just reason for delay," this Court may make its judgment final with respect to the issue of inequitable conduct, notwithstanding the remaining claims in this case. FED. RULE CIV. PROC. 54(b). The present case presents a strong reason not to delay appeal of the this issue. The remedy of inequitable conduct is unenforceability of all claims of a patent. *Pharmacia Corp. v. Par Pharmaceutical, Inc.*, 417 F.3d 1369, 1374-75 (Fed. Cir. 2005). Thus, the issue is dispositive of the entire '111, '527, and '450 patents at issue.

Inequitable conduct hinges upon the factual issue of intent, *B.F. Goodrich Co.*, 72 F.3d 1577, 1584, (Fed. Cir. 1996), to be decided by the jury. Should the judgment on the issue of inequitable conduct not become final until all claims in the case are disposed of after trial, a successful appeal on the issue of inequitable conduct would require the empaneling of an entirely new jury.

Therefore, this Court should issue a stay on the proceedings in contemplation of continued litigation. *See Crystal Clear Comm. v. Southwestern Bell*, 415 F.3d 1171, 1176 (10th Cir. 2005) (acknowledging the wisdom of staying a case that the court anticipates will be returned to it for further litigation after the resolution of certain issues). A stay will allow Defendants' appeal on the issue of inequitable conduct to run its course. Once the Federal Circuit has decided whether it will hear the appeal and whether it will reinstate Defendants' claim for inequitable conduct, the issues of fact to be sent to the jury will be determined.

## CONCLUSION

This Court should reconsider and amend its Order on inequitable conduct. The Court has engaged in a weighing of certain evidence on the factual issue of intent and failed to consider other evidence in determining that Defendants have not provided clear and convincing evidence. Defendants, however, have met the proper standard by providing evidence of knowledge of the materiality of a non-disclosed prior art reference, whereby, according to the Federal Circuit, a reasonable jury could find intent. Therefore, this Court should amend its Order to allow Defendants to present their evidence of intent to the jury on the claim of inequitable conduct as it relates to the '111, '527, and '450 patents.

In the alternative, this Court should certify the issue for appeal with an entry of judgment under Rule 54(b) and issue a stay of the proceedings to ensure that the factual issue of intent goes before the jury, depending on the outcome of an appeal.

DATED on this 29th day of November, 2006.

Respectfully Submitted,

A. John Pate (6303)
Gary D.E. Pierce (6312)
PATE PIERCE & BAIRD

*Attorneys for Defendants,*
*Counter-Claim Plaintiffs, and*
*Third-Party Plaintiffs*