A. John Pate (6303)
Gary D.E. Pierce (6312)
Warren M. Pate (10268)
PATE PIERCE & BAIRD
215 South State Street, Suite 550
Salt Lake City, Utah 84111
Telephone: (801) 530-0330

*Attorneys for Defendants,*
*Counter-Claim Plaintiffs,*
*and Third-Party Plaintiffs*


IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| EDIZONE, LC,<br>　　　　　Plaintiff,<br>　v.<br><br>CLOUD NINE, LLC, et al.,<br>　　　　　Defendants.<br><hr><br>CLOUD NINE, LLC, et al.,<br>　　　　Counter-Claim Plaintiffs, and<br>　　　　Third-Party Plaintiffs,<br>　v.<br><br>EDIZONE, LC,<br>　　　　Counter-Claim Defendant,<br><br>and<br><br>TERRY PEARCE, et al.,<br>　　　　Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No.<br>1:04 CV 00117 TS<br><br>**REPLY TO PLAINTIFF'S<br>MEMORANDUM IN<br>OPPOSITION TO DEFENDANTS'<br>MOTION FOR<br>RECONSIDERATION UNDER<br>RULE 60 OR, IN THE<br>ALTERNATIVE, FOR AN ENTRY<br>OF JUDGMENT UNDER<br>RULE 54(b) AND A STAY**<br><br><br>Judge Ted Stewart<br>Magistrate Judge Samuel Alba |

Defendants, Counter-Claim Plaintiffs and Third-Party Plaintiffs, Cloud Nine, LLC, Easy

Seat, LLC, Rodney Ford, Blaine Ford, Rex Haddock, and Gilbert Lee, each individually and dba

Gel Seat Cushions, Gel Seat Cushions, LLC, together with William Sandberg, individually and

dba Gel Tec, and dba Finnium, Inc., and Barry McCann, individually and dba CrossGel, LLC

and/or www.crossgel.com (collectively referred to herein as "Defendants"), by and through their

counsel of record, hereby submit this REPLY TO PLAINTIFF'S MEMORANDUM IN

OPPOSITION TO MOTION FOR RECONSIDERATION UNDER RULE 60 OR, IN THE

ALTERNATIVE, FOR AN ENTRY OF JUDGMENT UNDER RULE 54(b) AND A STAY.

## ARGUMENT

While the Court has stated that no reasonable jury could find inequitable conduct by

Plaintiff with respect to U.S. Patent No. 5,994,450, Order on Motions for Judgment on the

Pleadings, Motions to Strike, and Motions for Summary Judgment (the "Order") at p. 23 (Doc.

No. 381), this Court has not engaged in the analysis, required at the summary judgment stage, as

to whether genuine issues of material fact exist that could go to a reasonable jury. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Defendants have outlined facts that reasonably

establish the three elements of intent that support a defense of inequitable conduct, namely, that:

(1) certain prior art references were material, (2) Plaintiff knew the prior art references to be

material, and (3) Plaintiff failed to disclose the prior art references. *FMC Corp. v. Manitowoc*

*Co., Inc.*, 835 F.2d 1411, 1416 (Fed. Cir. 1987). At the summary judgment stage, "[t]he

evidence of the nonmovant [i.e., the Defendant] is to be believed, and all justifiable inferences

are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

1.    **According to the Law, Defendants Need Only Provide Evidence that Supports a Reasonable Inference that Plaintiff Knew a Prior Art Reference to be Material**

To create a rebuttable presumption of intent supportive of a defense for inequitable conduct, Defendants need to show (1) a material reference, (2) knowledge that the reference was material, and (3) non-disclosure. As the Federal Circuit has held, "a patentee facing a high level of materiality and clear proof that it *knew or should have known* of that *materiality,* can expect to find it *difficult to establish 'subjective good faith'* sufficient to prevent the drawing of an inference of intent to mislead." *FMC Corp.*, 835 F.2d at 1416 (emphasis added). Once Defendants' evidence is properly received and reasonable inferences are made therefrom, the evidence stands for the proposition that Plaintiff failed to disclose a reference which it knew to be material. Therefore, Defendants' evidence, at least for the purposes of a determination at summary judgment, establishes a rebuttable presumption of intent to deceive.

Plaintiff disputes this legal position by pointing out that this Court has cited a more recent holding found in the case of *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.* to the effect that non-disclosure of a material reference is not alone sufficient evidence of intent, but this case supports, rather than overturns the authority provided by Defendants, 439 F.3d 1335 (Fed. Cir. 2006). *M. Eagles Tool Warehouse* requires that a showing of knowledge of materiality must accompany a showing of materiality. In that case, the Federal Circuit clearly stated that evidence of knowledge of materiality had not been established. *Id.* at 1341–42. The Federal Circuit stated that the "*only*" evidence of intent was the non-disclosure of a material reference. *Id.* at 1341 (emphasis added). The Federal Circuit explained, however, that knowledge of materiality must also be shown. *Id.* Therefore, *M. Eagles Tool Warehouse* does not overturn the

-2-

principle established in *FMC Corp.* that a knowing non-disclosure of a material reference creates a presumption of intent. Rather, *M. Eagles Tool Warehouse* upholds the principle.

The Rule established by the Federal Circuit in *FMC Corp.* is grounded in good policy. Before the Patent Office bestows a complete and total monopoly upon a single petitioner, the Patent Office requests that the petitioner provide, and relies upon the petitioner to provide, a list of any material reference that might be relevant to the petitioner's claim to originality. If the petitioner is aware of a reference that provides a material reason why the petitioner's claims may not be original and does not respond to the Patent Office's request by disclosing the reference, the petitioner had better have a good objective explanation as to why he had no intent to deceive.

Hence, to establish a presumption, Defendants need only show materiality, non-disclosure, and knowledge. Plaintiff does not dispute materiality or non-disclosure as required by 37 C.F.R. §§ 1.56(a), 1.97, and 1.98 of U.S. Patent Nos. 5,444,881 (the "Landi patent") or 5,618,882 (the "Hammond patent"), to Landi and Hammond respectively, leaving the final element of knowledge of materiality.

## 2.   Defendants Provide Reasonable Evidence that Plaintiff Knew of the Materiality of at Least One Prior Art Reference

Although knowledge of materiality in the present case should ultimately be decided by a jury, Defendants have certainly provided enough evidence that a reasonable jury could determine that Plaintiff knew it was not disclosing a material reference. With respect to the affirmative defense of inequitable conduct for U.S. Patent Nos. 5,749,111 (the "'111 patent) and 6,026,527, Defendants have provided evidence of knowledge of materiality insofar as Defendants have made known that the "background" section of the '111 patent refers to the Landi patent as

"relevant prior art." *See* the '111 patent at col. 1, lns. 12–19 and col 4, lns. 24–28, attached as Exhibit A to Memorandum in Opposition to Plaintiff's Cross Motion for Partial Summary Judgment Dismissing Defendants' Counterclaims for Invalidity and Unenforceability of the Patents-in-Suit (Doc. No. 334).

With respect to the affirmative defense of inequitable conduct on the '450 patent, Defendants provide direct evidence of knowledge of materiality over Plaintiff's own signature. The evidence, in the form of a letter to Mr. Crossland ("Crossland Letter," attached hereto as Exhibit A), indicates that Plaintiff was worried that similarities between its gel and the gels taught and protected by the Hammond patent (referred to in the Crossland Letter as the "Raychem patent") would require Plaintiff to close its operations.  However, in the Letter, Plaintiff states that the gel used by Plaintiff, described as a combination of Septon 4055 and mineral oil, "is *precisely what was taught* in [Mr. Crossland's] 3,827,999 patent."  After further describing the gel with language appearing in every independent claim of the '450 patent, including the sole claim that plaintiff still asserts against Defendant, Plaintiff states that its description "seems to be the *very essence* of what [Mr. Crossland] taught in [his] patent." *Id.*

The logic of the letter is that:

1.  The Hammond patent teaches a gel that Plaintiff believes to be similar to its gel (a gel which Plaintiff was seeking to patent at the time).
2.  The "essence" of Plaintiff's gel was "precisely" taught by the Crossland patent.
3.  The Crossland patent has expired.
4.  The Crossland patent predates the Hammond patent.

Therefore, according to the Crossland Letter:

a.  The Hammond patent is anticipated by the Crossland patent.
b.  The Hammond Patent is invalid.
c.  Plaintiff does not need to worry about infringing the Hammond patent.

-4-

Yet, Plaintiff's argument in the Crossland letter has two inescapable logical corollaries:

1.      Plaintiff knew of important similarities between its gel and the gels taught by the Hammond patent.
2.      Plaintiff knew of important similarities between its gel and the gels taught by the Crossland patent.

From the first logical corollary, it does not follow of necessity that Plaintiff knew that the Hammond patent was a material reference. However, the letter provides strong evidence that the first corollary can be expanded to include the proposition that Plaintiff knew the Hammond patent to be a material reference. For example, Plaintiff describes its gel as a combination of Septon 4055 and meneral oil, which is what the Hammond patent teaches. Hammond patent at p. 1, lns. 1-9, p. 5, lns. 12-17 and p. 6, lns. 30-33, attached as Exhibit B to Memorandum in Support of Defendants' Motion for Partial Summary Judgment of Invalidity and Unenforceability of U.S. Patent No. 5,994,450 (Doc. No. 266). Plaintiff is concerned that the Hammond patent could "wreak havoc" on its gel business. Plaintiff is willing to write Mr. Crossland and make a rather awkward request. Exh. A. Furthermore Plaintiff betrays an awareness of the implications of the Hammond patent for Plaintiff's application for the '111 patent by forwarding a copy of the Letter to the attorney prosecuting his application for the '111 patent, Mr. Dan McCarthy.

At the summary judgment stage, this court must make all reasonable inferences in behalf of the Defendant, the non-movant.  Barring some explanation, therefore, the first logical corollary to the Crossland Letter can be expanded to include knowledge of materiality.  This Court correctly presents Plaintiff's explanation, namely, that:

> Plaintiff believed that the Crossland patent invalidated the Hammond patent, that the Hammond patent was cumulative to the Crossland patent, and because Plaintiff distinguished the Crossland patent to obtain the '450 patent, it is not reasonable to conclude that it needed to disclose the Hammond patent to the PTO.

Order at p. 22.  Plaintiff's explanation, and the Court's account thereof, are consistent with the logic of the Crossland Letter.  However, the fact that Plaintiff felt a need to distinguish the Crossland patent in the body of the '450 patent is a further indication, in addition to all of the evidence provided in the Crossland Letter itself, that the second corollary, i.e., that Plaintiff was aware of similarities between its gel and the gels taught by Crossland, can be expanded to include the proposition that Plaintiff was aware that the Crossland patent, like the Hammond patent, was a material reference.  The Crossland Letter provides further evidence by referring to Plaintiff's gel as "*precisely what is taught*" by the Crossland Patent or "*the very essence*" of what the Crossland patent taught.  Exh. A.

Despite Plaintiff's strong language and later need to distinguish Crossland, Plaintiff failed to disclose either the Crossland patent or the Hammond patent as a material prior art reference as required pursuant 37 C.F.R. §1.56(a), 37 C.F.R. §§1.97 and 1.98.  The Patent Office, therefore, had no opportunity to make an uncolored analysis of the Crossland patent, only becoming aware of the patent, if at all, through Plaintiff's argument attempting to distinguish the very patent that it earlier claimed taught its gel "precisely."  If Plaintiff truly

-6-

believed that it was absolved from submitting the Hammond patent because of the Crossland

patent, it should have submitted the Crossland patent at the time set apart for an independent

review by the Patent Office.  37 C.F.R. §1.56(a), 37 C.F.R. §§1.97 and 1.98.  Plaintiff provides

no explanation as to why it did not disclose the Crossland patent.

Therefore, the Crossland Letter, and surrounding evidence, provide strong evidence that

Plaintiff knew both the Hammond patent and the Crossland Patent to be material prior art

references.  Should the Court disagree, this Court at least acknowledges that the presented

evidence could reasonably establish knowledge of materiality.  "At most" this Court states,

"Defendants' evidence establishes that *Plaintiff was well aware of the materiality of the*

*Hammond patent,* but failed to disclose it to the PTO."  Order at p. 23.  Yet, to preserve the

issue at the summary judgment stage, Defendants need only provide evidence that reasonably

supports the inference of an awareness of materiality.  *FMC Corp.*, 835 F.2d at 1416.

Therefore, this Court should reconsider its judgment under Rule 60 and allow the issue

of inequitable conduct to go to the jury.  In the alternative, this Court should make its judgment

final on the issue of inequitable conduct with an "express direction for the entry of judgment"

under Rule 54(b) and should stay the proceedings while the issue is resolved on appeal.

Dated this 27th day of December 2006.

Respectfully Submitted,

A. John Pate (6303)
Gary D.E. Pierce (6312)
Warren M. Pate (10268)
PATE PIERCE & BAIRD

*Attorneys for Defendants,*
*Counter-Claim Plaintiffs, and*
*Third-Party Plaintiffs*

-8-