IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, LC,<br>        Plaintiff,<br>  v.<br><br>CLOUD NINE, LLC, et al.,<br>        Defendants.<br><br>CLOUD NINE, LLC, et al.,<br>        Counter-Claim Plaintiffs, and<br>        Third-Party Plaintiffs,<br>  v.<br><br>EDIZONE, LC,<br>        Counter-Claim Defendant,<br>and<br><br>TERRY PEARCE, et al.,<br>        Third-Party Defendants. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION, AND DENYING DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT AND STAY OF LITIGATION<br><br>Case No. 1:04-CV-117 TS |

I.  INTRODUCTION

This matter is before the Court on Defendants' Motion for Reconsideration[1] of this Court's November 9, 2006 Order on Motions ("November 9 Order")[2] which, in part, granted summary judgment for Plaintiff on Defendants' claims of inequitable conduct in the prosecution

---

[1] Docket No. 385.

[2] Docket No. 381.

1

of U.S. Patent Nos. 5,749,111 ("the '111 patent"), 6,026,527 ("the '527 patent"), and 5,994,450 ("the '450 patent").  Defendants have also filed a Motion for Judgment [on the issue of inequitable conduct] and Stay of Litigation under Fed. R. Civ. P. 54(b).[3]

## II.  MOTION FOR RECONSIDERATION

Defendants urge this Court to reconsider, under Fed. R. Civ. P. 60(b), its grant of summary judgment in favor of Plaintiff on the issue of inequitable conduct.

Relief under Fed. R. Civ. P. 60(b) is discretionary, and while warranted only upon a showing of exceptional circumstances, such circumstances include any "reason justifying relief from the operation of the judgment."[4]

Defendants urge this Court to reconsider upon the following bases: (A) in making its judgment, the Court used the incorrect standard, and committed an obvious error of law, (B) the Court, through obvious error of law, found that Defendants could not demonstrate the "intent to deceive" the United States Patent and Trademark Office ("PTO") element of inequitable conduct because intent may not be inferred in this case, and (C) the Court incorrectly determined that Defendants point to no evidence of inequitable conduct with respect to the '111 patent and the '527 patent.  The Court addresses each of these in turn.

### A.  Standard on Summary Judgment

Defendants argue that the Court committed an obvious error of law by applying the standard of "clear and convincing evidence" in its determination of summary judgment when it should have applied the standard of a "reasonable jury."

---

[3]Docket No. 382.

[4]*Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

As noted in the November 9 Order, a court may grant summary judgment in a patent case, "as in any other case, . . . when there are no disputed issues of material fact, . . . or when the non-movant cannot prevail on the evidence submitted when viewed in a light most favorable to it."[5] A "party asserting inquitable conduct *must* prove a threshold level of materiality and intent [to mislead or deceive the examiner] by clear and convincing evidence."[6]  Therefore, with regard to whether there are genuine issues of material fact, the correct standard on summary judgment, is whether a *reasonable jury* could find that Defendants have proven a threshold level of intent and materiality *by clear and convincing evidence.*[7]  This is the standard that the Court applied in its November 9 Order.[8]  The Court finds Defendants' arguments particularly puzzling as they have cited this very standard in their previous briefs.[9]  The Court is unconvinced that Defendants have demonstrated that it committed an obvious error of law in the standard applied.

B.  Inference of Intent

Defendants argue that this Court committed an error of law in determining that they could not demonstrate an inference of intent to deceive the PTO in the prosecution of the above-referenced patents so as to establish the intent prong of inequitable conduct.

---

[5]*Knoll Pharm. Co. v. Teva Pharms. USA, Inc.*, 367 F.3d 1381, 1383 (Fed. Cir. 2004).

[6]*Digital Controls, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006).

[7]*See, e.g.*, *M. Eagles Tool Warehouse, Inc., v. Fisher Tooling Co., Inc.*, 439 F.3d 1335, 1338-39 (Fed. Cir. 2006).

[8]*See, e.g.*, Docket No. 381, at 5, 7, 20-23.

[9]*E.g.* Docket No. 334, at 13.

"Intent need not be proven by direct evidence . . . [and] is generally inferred from the facts and circumstances surrounding the applicant's overall conduct . . . ."[10]  "No single factor or combination of factors can be said always to require an inference of intent to mislead; yet a patentee facing a high level of materiality and clear proof that it knew or should have known of that materiality, can expect to find it difficult to establish 'subjective good faith' sufficient to prevent the drawing of an inference of intent to mislead."[11]

In the reasoning set forth its November 9 Order, the Court's premise in finding a lack of intent was the Federal Circuit's rule that "[m]ateriality does not presume intent, which is a separate and essential component of inequitable conduct.  Intent to deceive can not be inferred solely from the fact that information was not disclosed; there must be a factual basis for a finding of deceptive intent."[12]  Upon further examination of all of the Federal Circuit cases in which this rule has been applied, the Court concludes that it is obvious that the rule that materiality does not presume intent does not preclude an inference of intent when an applicant *knows* of that materiality, as Defendants allege here.[13]

---

[10] *M. Eagles*, 439 F.3d at 1341.

[11] *FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411, 1416 (Fed. Cir. 1987).

[12] *M. Eagles*, 439 F.3d at 1339.

[13] The Court recognizes that "[i]t is improper to grant relief under Fed. R. Civ. P. 60(b) if, in doing so, the court simply revisits arguments which had already been raised and dismissed." *E.g. Ebel v. Ebel*, 120 F.3d 270, No. 96-1190, 1997 WL 428574, at **5 (10th Cir. July 30, 1997) (citing *Van Skiver*, 952 F.2d at 1244).  However, in its November 9 Order, the Court did not specifically address nor dismiss the Federal Circuit's explanation of the inference of intent in the *FMC Corp.* case cited above.

The Federal Circuit's rule that materiality does not presume intent has never been applied to preclude an inference of intent on summary judgment where the claimant alleged facts to demonstrate a high level of materiality and clear proof that a patent applicant knew or should have known of that materiality.[14] In other words, there is no conflict between the requirement to make distinct showings as to materiality and intent, and the concept of inferring intent based upon an applicant's clear *knowledge* of materiality. The Court will therefore review the evidence which Defendant has set forth on the issue of inequitable conduct, as it relates to the '450 and '111/'527 patents.

    *i. '450 Patent*

Defendants claim inequitable conduct upon the basis that Plaintiff did not disclose U.S. Patent No. 5,618,882 ("the Hammond patent"), during the prosecution of the '450 patent. As a preliminary matter, the Court notes that the materiality of the Hammond patent, more specifically, whether Hammond anticipates the '450 patent, is a genuine issue of material fact to be decided by the jury.

---

[14] *M. Eagles*, 439 F.3d at 1341-43 (reversing summary judgment finding inequitable conduct where the district court relied solely on lack of a good faith explanation for nondisclosure); *Allen Organ Co. v. Kimball Intern, Inc.*, 839 F.2d 1556, 1557-58 (Fed. Cir. 1998) (rejecting appellant's argument that because jury determined that reference anticipated patent application, jury's finding that there was not intent to deceive was improper); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990) (upholding district court's decision finding no inequitable conduct because, while the claimants asserting it argued that the reference was highly material and that the applicant was aware of the reference, this was not sufficient to establish intent element); *KangaROOS U.S.A., Inc. v. Caldor, Inc.*, 778 F.2d 1571, 1575 (Fed. Cir. 1985) (reversing summary judgment finding inequitable conduct where district court presumed intent and did not allow applicant to testify as to intent).

Defendants point to several facts to assert Plaintiff's knowledge of materiality, and by which, Defendants claim intent to deceive the PTO may be inferred.  First, Defendants prove that the Hammond patent was not disclosed to the PTO, and Plaintiff concedes this.  Second, Defendants point to a February 12, 1999 letter from the inventor of the '450 patent to the inventor of the earlier Crossland patent (which allegedly prescribes a similar process as the '450 patent, and which had subsequently entered the public domain) in which the former poses questions to the latter relating to the Hammond patent.  Specifically, Defendants characterize the letter as the '450 patent's inventor seeking an acknowledgment from the inventor of the Crossland patent that the Hammond patent could not be valid because it disclosed essentially the same invention as the former Crossland patent.  The letter, Defendants argue, demonstrates Plaintiff's knowledge that the Hammond patent's claims could threaten Plaintiff's business, and therefore, that Plaintiff knew that the Hammond patent was highly material.  Third, Defendants state that Plaintiff's patent attorney made reference to the disclosure and teachings of the Hammond patent in a later patent application by Plaintiff, subsequently issued as U.S. Patent No. 6,413,458.  Fourth, Defendants point to a letter in the prosecution history of the '450 patent in which a reference to the submission of an Information Disclosure Statement ("IDS") by Plaintiff is crossed out.

Plaintiff argues that, because the 1999 letter demonstrates that it believed that the Hammond patent was invalid, it also demonstrates that it did not understand the patent to be material.  Rather, Plaintiff argues, because Plaintiff believed that the Crossland patent invalidated the Hammond patent, that the Hammond patent was cumulative to the Crossland patent, and because Plaintiff distinguished the Crossland patent to obtain the '450 patent, it is not reasonable to conclude that it needed to disclose the Hammond patent to the PTO.

The Court, having clarified a point of law, and upon reconsideration, finds that Defendants have set forth enough facts on the "intent to deceive" element, as it relates to the '450 patent, to allow this issue, as well as that of materiality and Plaintiff's knowledge of materiality, to establish a genuine issue of material fact on the issue. In so finding, and considering the facts here, the Court is particularly persuaded by the Federal Circuit's statement that "[i]ntent is a factual determination particularly within the province of the trier of fact."[15] Therefore, in an abundance of caution, the Court will allow the issue of inequitable conduct to proceed to trial as it relates to the '450 patent.

However, the Court also notes that "[b]ecause it is an equitable issue, the ultimate determination of inequitable conduct[, which takes place after the elements of materiality and intent have been determined by the jury,] is committed to the discretion of the trial court."[16] Based on the evidence Defendants set forth, the Court is skeptical that Defendants can show that Plaintiff's "conduct [was] so culpable that the ['450] patent should not be enforced."[17]

    *ii. '111 and '527 patents*

Defendants claim inequitable conduct upon the basis that Plaintiff did not disclose U.S. Patent No. 5,444,881 ("the Landi patent"), in the prosecution of the '111 and '527 patents.

Defendants point to few facts to assert knowledge of materiality, and by which, they claim, intent to deceive the PTO may be inferred. Defendants re-argue that the Landi patent was material, and that Plaintiff knew it was material because it is referenced in the background

---

[15]*Allen Organ Co.*, 839 F.2d at 1567.

[16]*Old Town Canoe Co. v. Confluence Holdings Corp.*, 448 F.3d 1309, 1322 (Fed. Cir. 2006).

[17]*Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995).

section of the '111 patent as relevant prior art. Defendants' argument apparently hinges upon a technically improper disclosure of the Landi patent. The Court wishes to reaffirm that this does not constitute clear and convincing evidence, either direct or inferred, as to the intent prong of inequitable conduct, and no reasonable jury could hold otherwise. "Technical violations of PTO procedures, absent fraud or intentional deception, are not inequitable conduct as would invalidate the patent."[18] The Court sees no factual basis for any finding regarding deceptive intent, or more broadly, inequitable conduct, as it relates to the '111 and '527 patents. Moreover, Defendants' attempts to re-argue issues already raised and dismissed are not proper under Fed. R. Civ. P. 60(b).[19]

### III.  MOTION TO ENTER JUDGMENT UNDER RULE 54(B) AND STAY LITIGATION

Defendants also move the Court to enter judgment on the issue of inequitable conduct under Fed. R. Civ. P. 54(b) and to stay litigation during appeal.

Fed. R. Civ. P. 54(b) provides that, in cases where there are remaining claims prior to appeal, "the court *may* direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only* upon an express determination that there is not just reason for delay and upon an express direction for the entry of judgment."[20] The Tenth Circuit has clarified that courts are to apply a two-part inquiry in determining whether to enter a Rule 54(b) certification:

---

[18] *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1367 (Fed. Cir. 1999).

[19] *See supra*, note 13.

[20] Fed. R. Civ. P. 54(b) (emphasis added).

> First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.[21]

As a general matter, the Tenth Circuit has acknowledged "a policy against piecemeal appeals—a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case."[22]

The Tenth Circuit has also stated that "a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved."[23] The *Bruner* court adopted two factors to aid in this determination: "(1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief."[24]

In this case, the Court finds that the factual and legal issues presented in Defendants' counterclaims overlap to an extent that makes interlocutory appeal inappropriate. Here, the issues of obviousness and anticipation, which must be determined by the jury, are relevant to the issue of materiality. Both the counterclaims and the underlying claims stem from the same occurrence or series of occurrences.[25] Moreover, the disposed-of inequitable conduct claim, as it

---

[21]*Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

[22]*Id.* at 1241 (internal citations omitted).

[23]*Id.* at 1243.

[24]*Id.* (internal citations omitted).

[25]*See Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 (10th Cir. 2002).

9

relates to the '111 and '527 patents, and Defendants' affirmative defenses, such as non-obviousness and anticipation, do not seek separate relief. At base, Defendants attempt to demonstrate that Plaintiff's patents are either invalid or unenforceable. The two are functionally equivalent. Therefore, the Court does not deem it proper to enter judgment under Fed. R. Civ. P. 54(b) on the issue of inequitable conduct as it applies to the '111 and '527 patents.

## IV.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Defendants' Motion for Reconsideration (Docket No. 385) is GRANTED IN PART, and DENIED IN PART. Defendants' Motion to Reconsider is GRANTED as it relates to the issue of inequitable conduct in the prosecution of the '450 patent. Defendants' Motion to Reconsider is DENIED as it relates to the issue of inequitable conduct and the '111 and '527 patents. It is further

ORDERED that Defendants' Motion for Entry of Judgment under Fed. R. Civ. P. 54(b), and for Stay of Litigation (Docket No. 382) is DENIED.

DATED this 3rd day of January, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge