IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, LC,<br>    Plaintiff,<br> v.<br><br>CLOUD NINE, LLC, et al.,<br>    Defendants.<br><hr><br>CLOUD NINE, LLC, et al.,<br>    Counter-Claim Plaintiffs, and<br>    Third-Party Plaintiffs,<br> v.<br><br>EDIZONE, LC,<br>    Counter-Claim Defendant,<br>and<br><br>TERRY PEARCE, et al.,<br>    Third-Party Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONTINUE, DENYING MOTION TO RECONSIDER, AND ENTERING SUMMARY JUDGMENT ON ISSUE OF INFRINGEMENT OF CLAIM 24 OF U.S. PATENT NO. 5,994,450<br><br><br>Case No. 1:04-CV-117 TS |

   This matter is before the Court to address Defendants' Motion to Continue,[1] Plaintiff's

Motion for Reconsideration[2] of this Court's November 9, 2006 Order, Plaintiff's Motion for

Partial Summary Judgment,[3] and to schedule a trial date and related deadlines for the action.

---

[1]Docket No. 561.

[2]Docket No. 519.

[3]Docket No. 451.

I.  INTRODUCTION

The relevant facts and background to this case are set forth in this Court's November 9, 2006 Order[4] which, among other things, denied cross motions for summary judgment on the issue of Defendants' counterclaim of invalidity of U.S. Patent No. 5,749,111 ("the '111 patent") and U.S. Patent No. 6,026,527 ("the '527 patent").[5]  In the Order, the Court found that there were genuine issues of material fact as to the following underlying factual issues comprising the elements of obviousness: (a) the scope and content of the prior art; (b) the level of ordinary skill in the art; (c) the differences between the claimed invention and the prior art; (d) the extent of any proffered objective indicia of nonobviousness; and (e) suggestion, motivation, or teaching in the prior art that would produce the claimed invention.[6]

In connection with its ruling, the Court noted that the United States Patent and Trademark Office ("PTO") had reexamined, or was then reexamining the various patents at issue, and had issued final office actions rejecting the claims of the '111 and '527 patents.  Accordingly, the Court found that the presumption of validity patents typically enjoy was called into doubt,[7] and noted that summary judgment for Plaintiffs would be particularly inappropriate in light of the PTO's action.[8]

Plaintiff now moves for reconsideration of the Court's findings on the validity of the '111 and '527 patents, upon the basis that there is new evidence relating to the action.  Apparently, on

---

[4]Docket No. 381.

[5]*Id.* at 8-14.

[6]*Id.*

[7]*Id.* at 6.

[8]*Id.* at 14.

January 16 and/or 17, 2007, the PTO reversed course, issuing Notices of Intent to Issue

Reexamination Certificate ("NIRC") which confirmed all claims of, and hence, determined valid,

both the '111 and the '527 patents.[9]

Plaintiff also moves for summary judgment on the issue of Defendants' infringement of

claim 24 of U.S. Patent No. 5,994,450 ("the '450 patent").

Finally, the Cloud Nine Defendants[10] move to continue the June 4, 2007 hearing on the

abovementioned motions.

## II.  DISCUSSION

*A.  Motion to Continue*

The Cloud Nine Defendants recently retained new counsel due to the disqualification of

their former counsel.  New counsel entered appearances on May 14, 2007.  Counsel seeks

continuance of the current hearing on the abovementioned motions upon the grounds that the

issues in this case are complex, the memoranda lengthy, and because the Supreme Court's recent

decision in *KSR International v. Teleflex, Inc.*,[11] has changed the legal landscape underlying the

motions.

The Court notes that the issues addressed in the current motions are discrete, and that the

corresponding memoranda are not lengthy.  Moreover, the issues have been fully briefed for

some time.  The Court notes that the Supreme Court's decision in *KSR International* may be

relevant to some of the issues in this case, but that the decision does not affect this Court's

rulings discussed below.  The Court does not believe that supplemental memoranda or oral

---

[9]Docket No. 520, Exs. A, B.

[10]Cloud Nine, LLC, Easy Seat, LLC, Rodney Ford and Blaine Ford.

[11]127 S. Ct. 1727 (2007).

argument are necessary to resolve the issues.  Finally, resolution of the outstanding motions will assist the Court and counsel in proceeding with the scheduling matters in this action.  Therefore, the Court will deny Defendants' Motion to Continue, and, having reviewed the memoranda of the parties, makes the following rulings.

### B.  Motion for Reconsideration

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[12]  The Court finds that the PTO's position does constitute new evidence, and it will, therefore, examine the merits of Plaintiff's Motion.

Plaintiff argues that, based on the new evidence, it is entitled to summary judgment on Defendants' invalidity counterclaim.  First, Plaintiff argues that, based on the determinations of the PTO, the presumption of validity of the '111 and '527 patents "has been reinstated and strengthened."[13]  Second, Plaintiff argues that Defendants' burden of establishing invalidity by clear and convincing evidence is so great that no reasonable jury could find for Defendants. Plaintiff also essentially states that the Court failed to sufficiently address Defendants' burden of proof in maintaining a counterclaim of invalidity.[14]  Furthermore, Plaintiff challenges the Court's prior ruling by stating that the "factual issues do not address and cannot preclude a ruling of summary judgment for plaintiff"[15] and that this Court "cannot find there to be an issue of fact in

---

[12]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[13]Docket No. 529, at 2.

[14]Docket No. 520, at 14 ("The Court never explained that all key issues also could be resolved in favor of defendant, upon clear and convincing evidence. . . .").

[15]*Id.*

4

light of the PTO's recent, final decisions."[16]  Finally, Plaintiff argues that, in order for
Defendants to survive a motion for summary judgment, they must prove that the PTO failed to
perform its duty in the reexamination.[17]

Defendants' relevant counter arguments may be summarized in the following manner:
first, the Court did not base its ruling in the November 9, 2006 Order on the arguments and
reasoning of the PTO; second, the PTO's current position is not clear because it has recently
granted a second request for reexamination of the '111 patent.

Plaintiff's position that the PTO's NIRCs strengthen the presumption of validity with
respect to the '111 and '527 patents is erroneous.  The presumption of validity is not substantive
law, but merely a procedural device.[18]  The presumption is not strengthened by reexamination.[19]
Based on the PTO's new position here, and to the extent it was in doubt before, the presumption
is clearly reinstated in this case.  Accordingly, Defendant bears the "burden of persuasion on the
merits . . . until final decision."[20]  Importantly, the argument that Plaintiff makes regarding a
supposed burden Defendant has of proving that the PTO failed to perform its duty applies merely
to rebutting the imposition of the presumption.[21]  Defendants are not necessarily required to meet

---

[16]*Id.*

[17]Plaintiff cites *Am. Hoist & Derrick Co.*, 725 F.2d 1350, 1359-60 (Fed. Cir. 1984) in
support.

[18]*T.J. Smith & Nephew Ltd. v. Consolidated Med. Equip., Inc.*, 821 F.2d 646, 648 (Fed.
Cir. 1987).

[19]*Id.*

[20]*In re Etter*, 756 F.2d 852, 856 (Fed. Cir. 1985).

[21]*See Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1235 (Fed.
Cir. 2003) (citing *Am. Hoist & Derrick Co.*, 725 F.2d at 1359, and stating that the imposition of
presumption of validity standard is related to presumption that PTO does its job properly).

this burden to avoid a summary judgment against them.

As mentioned in the Court's previous order,[22] the relevant burden Defendants must sustain is one of proving invalidity by clear and convincing evidence.[23]  The "clear and convincing" standard is intermediate, existing between the "beyond a reasonable doubt" and "a preponderance of the evidence" standards.[24]  Presumably, the standard moves closer toward the requirement of a showing "beyond a reasonable doubt" once the PTO has made a final determination in re-examination that a patent's claims are valid.[25]  This must be true, even when, as here, the PTO has strangely granted a second request for reexamination of the '111 patent.[26]

Nonetheless, the Federal Circuit has stated quite clearly that there is "nothing untoward about the PTO upholding the validity of a reexamined patent which the district court later finds invalid."[27]  Indeed, it appears that the only absolute requirement imposed on a district court is that it must give some evidentiary consideration to the PTO's decision.[28]  Defendants properly point out that this Court only considered the PTO's previous reexamination findings as one piece

---

[22]Docket No. 381, at 6.

[23]*Ryco, Inc. v. Ag-Bag Corp.*, 857 F.2d 1418, 1423 (Fed. Cir. 1988).

[24]*E.g.*, Gladstone et al., *Patent Law Fundamentals*, 4 Pat. L. Fundamentals § 20:36 (2d ed.) (citing *Addington v. Texas*, 441 U.S. 418, 423-25 (1979)).

[25]*American Hoist*, 725 F.2d at 1364 (stating in dicta that PTO upholding of claims in reissue proceeding renders "burden of proof of unpatentability . . . more difficult to sustain.").

[26]*Cf., Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("grant by the examiner of a request for reexamination is not probative of unpatentability" and "does not establish a likelihood of patent invalidity").

[27]*Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988).

[28]*Custom Accessories, Inc., v. Jeffrey-Allan Indust., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986).

of the overall evidence presented.  Indeed, this is all that the Court was required to do.

Significantly, Plaintiff cites no decision where a PTO finding pursuant to reexamination demonstrated that no reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[29]  To the contrary, it appears that none of the cases which Plaintiff cites support that summary judgment in its favor is proper in this context.[30]

Finally, the Court notes that it is perplexed by Plaintiff's argument that the Court failed to acknowledge that the relevant issues could be resolved in favor of Defendants, upon clear and convincing evidence.  The Court redirects Plaintiff's attention to the Order for further review.[31]

Accordingly, the Court finds that the issue of the invalidity of the '111 and '527 patents is one for the jury.  The Court will deny Plaintiff's Motion for Reconsideration.

*C.  Motion for Partial Summary Judgment*

Plaintiff moves for judgment on the issue of Defendants' infringement of claim 24 of the '450 patent.  Defendant argues that the Motion is untimely as dispositive motions for this case were due by May 19, 2006.

---

[29]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[30]*See, e.g.*, *Custom Accessories*, 807 F.2d at 961 (reversing judgment declaring patent invalid and remanding); *Am. Hoist & Derrick Co.*, 725 F.2d at 1364 (noting in dicta that a jury instruction addressing the effect of PTO reexamination would be proper); *In re Laughlin Products, Inc.*, 265 F.Supp. 2d 525, 529 (E.D. Pa. 2003) (granting motion to stay; denying motion to dismiss); *E.I. du Pont de Nemours & Co. v. Polaroid Graphics Imaging, Inc.*, 706 F.Supp. 1135, 1141 (D. Del 1989) (addressing motion for preliminary injunction; denying summary judgment motion requesting finding of invalidity).

[31]*See, e.g.*, Docket No. 381, at 6 ("The party attacking validity has the burden of proving facts supporting a conclusion of invalidity by clear and convincing evidence."); 9-14 (finding genuine issues of material fact).

Fed. R. Civ. P. 16(b) allows the Court to amend a scheduling order upon a showing of good cause.  "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'"[32]  Plaintiff here has not been diligent in attempting to meet the case management order's requirements.  Moreover, Plaintiff's primary basis for its Motion appears to be this Court's claim construction pursuant to the September 21, 2006 *Markman* Hearing Memorandum Decision and Order.  Notwithstanding that the date of the hearing came after the deadline for dispositive motions, Plaintiff's Motion was filed over three months after, and when the date for trial was looming.

Nevertheless, the Court declines to ignore the substantive issue before it.  It is well established that "'[d]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*.'"[33]  Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[34]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[35]  A court may grant summary judgment in a patent case, "as in any

---

[32]*Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) and citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (joining Eighth, Ninth, and Eleventh Circuits in construing "good cause" as depending on the movant's diligence).

[33]*Durtsche v. Am. Colloid Co.*, 958 F.2d 1007, 1009 n.1 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986)).

[34]Fed. R. Civ. P. 56(c).

[35]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

8

other case, . . . when there are no disputed issues of material fact, . . . or when the non-movant

cannot prevail on the evidence submitted when viewed in a light most favorable to it.[36]

Infringement must be proven by a preponderance of the evidence.[37]  The first step of

determining whether literal infringement has occurred is claim construction.[38]  This Court has

conducted claim construction of the relevant terms following a *Markman* hearing.  Next, the

Court determines whether the claims at issue read on the accused device or composition.[39]

Literal infringement requires that every element of the subject claim be found in the accused

device or composition.[40]

Claim 24 of the '450 patent reads as follows:

- An elastomeric material having

- a plasticizer and a triblock copolymer of the general configuration A-B-A;

- wherein said triblock copolymer has a weight average molecular weight of at least about 300,000 or more;

- wherein A is selected from the group consisting of monoalkenylarene polymers;

- wherein B is a hydrogenated polymer including a plurality of ethylene/propylene monomers and a plurality of ethylene/butylene monomers;

- wherein the combined weights of said ethylene/propylene monomers and said ethylene/butylene monomers comprise at least about 50 weight percent of said hydrogenated polymer B;

---

[36]*Knoll Pharm. Co. v. Teva Pharms. USA, Inc.*, 367 F.3d 1381, 1383 (Fed. Cir. 2004).

[37]*Uniroyal Inc. v. Rudkin-Wiley Corp.*, 837 F.2d 1044, 1054 (Fed. Cir. 1988).

[38]*Id.*

[39]*Id.*

[40]*Id.*

- wherein said plasticizer associates with said hydrogenated polymer B;

- wherein said triblock copolymer has a measurable percent elongation at break;

- wherein said plasticizer tends to increase the percent elongation at break of said triblock copolymer'

- wherein said triblock copolymer has a rigidity measureable on the Gram Bloom scale; and

- wherein said plasticizer tends to decrease the Gram Bloom rigidity of said triblock copolymer

Plaintiff states, as undisputed fact, that some or all of Defendants' products are made from combinations of the triblock copolymer Septon 4055 and mineral oil, and that this comprises each and every claim set forth above.  Defendants do not controvert that at least some of their products use Septon 4055 and mineral oil in the manner asserted by Plaintiff.  Plaintiff's assertion is, therefore, deemed as admitted.[41]  There being no genuine issues of material fact, the Court determines that Plaintiff is entitled, as a matter of law, to a judgment that Defendants are infringing claim 24 of the '450 patent, assuming, of course, that the '450 patent is determined to be valid at trial.

---

[41]DUCivR 56-1(c) ("All material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the statement of the movant will be deemed admitted for the purpose of summary judgment, unless specifically controverted by the statement of the opposing party identifying material facts of record meeting the requirements of Fed. R. Civ. P. 56.").

III.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Defendants' Motion to Continue (Docket No. 561) is DENIED.  The Court will proceed with the scheduling matters in this action at the June 4, 2007 hearing.  It is further

ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 519) is DENIED.  It is further

ORDERED that Plantiff's Motion for Partial Summary Judgment (Docket No. 451) is DENIED.  It is further

ORDERED that the following judgment is entered against Defendants, contingent upon a future finding that the '450 patent is valid: as a matter of law, Defendants' products infringe claim 24 of the '450 patent.

SO ORDERED.

DATED   May 30, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

11