IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C., <br><br>   Plaintiff, <br><br> vs. <br><br> CLOUD NINE, et al., <br><br>   Defendants. <br> _____ <br><br> CLOUD NINE, et al., <br><br>   Counterclaim-Plaintiffs and <br>   Third-Party Plaintiffs, <br><br> vs. <br><br> EDIZONE, L.C., <br><br>   Counterclaim-Defendant, <br><br>   and <br><br> TERRY PEARCE, et al., <br><br>   Third-Party Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION <br><br><br> Case No. 1:04-CV-117 TS |

1

This matter comes before the Court on Plaintiff Edizone, LC's Motion for Preliminary Injunction Against Defendants CrossGel, LLC, Barry McCann and Rex Haddock, Prohibiting the Continuing Manufacture and Sale of Infringing Products and the Transporting of Assets Beyond the Jurisdiction of the Court.[1]  The Court heard oral argument on the Motion on July 30, 2007, and denied the Motion orally at the close of the hearing.  The following represents the Court's reasoning for denying the Motion.

## I. PRELIMINARY INJUNCTION STANDARD

As the moving party, Edizone, is entitled to a preliminary injunction if it can succeed in showing: "(1) a reasonable likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the injunction's favorable impact on the public interest."[2]  The movant cannot be granted a preliminary injunction unless it establishes both of the first two factors.[3]  As will be discussed below, Plaintiff has failed to show a reasonable likelihood of success on the merits, thus the remaining factors need not be discussed.

---

[1] Docket No. 583.

[2] *Amazon.com, Inc. v. Barnsandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

[3] *Id.*

## II.  ANALYSIS

In order to demonstrate a likelihood of success on the merits, Edizone must show that, "in light of the presumptions and burdens that will inhere at trial on the merits,"[4] (1) that Defendants have infringed on the patents at issue; and (2) Edizone's infringement claim will likely withstand Defendants' challenges to the validity and enforceability of the patents.[5]

Plaintiff argues that it has a reasonable likelihood of success on the merits because the Court has ruled, as a matter of law, that Defendants are infringing on claim 1 of the '111 Patent, claim 24 of the '450 Patent, and claim 33 of the '527 Patent.  As Plaintiff correctly notes, the Court has ruled that Defendants are infringing on claim 1 of the '111 Patent and  claim 33 of the '527 Patent,[6] the Court has also ruled that Defendant are infringing on claim 24 of the '450 Patent.[7]  Thus, Plaintiff has met this first requirement.

Turning to the second requirement, Plaintiff must show that there is a reasonable likelihood that its infringement claim will withstand Defendants' challenges to the validity and enforceability of the patents.  If Defendants raise "a 'substantial question' concerning validity, enforceability, or infringement . . . the preliminary injunction should not issue."[8]  The Federal Circuit has stated that

---

[4]*Id*.

[5]*Id*.

[6]Docket No. 381.

[7]Docket No. 562.

[8]*Genetech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997).

> [i]n resisting a preliminary injunction, however, one need not make out a case of actual invalidity. Vulnerability is the issue at the preliminary injunction state, while validity is the issue at trial. The showing of a substantial question as to invalidity thus requires less proof than the clear and convincing showing necessary to establish invalidity itself."[9]

The Court has repeatedly refused to grant summary judgment concerning the validity of the patents at issue, holding that there are questions of fact which preclude any such ruling.[10] The same concerns which prevent the Court from granting summary judgment as to the validity of the patents show that Defendants have raised a "substantial question" which prevents the issuance of a preliminary injunction.[11] Therefore, Plaintiff has not shown a reasonable likelihood of success on the merits. Since Plaintiff has failed to meet this first element, it is unnecessary for the Court to address the other elements.

For the reasons set out above, Plaintiff's Motion for Preliminary Injunction will be denied. Since Plaintiff's Motion for Preliminary Injunction fails, Plaintiff is not entitled to a preliminary injunction preventing Defendants from moving assets outside the Court's jurisdiction. Further, Plaintiff has failed to present any evidence that Defendants either have moved or intend to move any assets outside of the Court's jurisdiction.

---

[9]*Abbott Laboratories v. Andrx Pharmaceuticals, Inc.*, 452 F.3d 1331, 1335 (Fed. Cir. 2006) (quoting *Amazon*, 239 F.3d at 1359).

[10]*See* Docket Nos. 381 and 562.

[11]*See Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1350–52 (Fed. Cir. 2000).

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Preliminary Injunction (Docket No. 583) is DENIED.

DATED   July 31, 2007.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge