IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C., <br><br>    Plaintiff, <br><br><br><br> vs. <br><br><br><br> CLOUD NINE, et al., <br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CROSSGEL, LLC <br><br><br><br><br><br> Case No. 1:04-CV-117 TS |
| CLOUD NINE, et al., <br><br>    Counterclaim-Plaintiffs and Third-Party Plaintiffs, <br><br> vs. <br><br> EDIZONE, L.C., <br><br>    Counterclaim-Defendant, <br><br> and <br><br> TERRY PEARCE, et al., <br><br>    Third-Party Defendants. | |

1

This matter comes before the Court on Plaintiff Edizone, LC's Motion for Default Judgment Against Defendant CrossGel, LLC, pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons discussed below, the Court will deny the Motion without prejudice to its later refiling.

On May 3, 2007, Chief Magistrate Judge Alba entered an order directing Snow, Christensen & Martineau ("SCM") to withdraw from the representation of all defendants.[1] Defendants were directed to obtain new counsel by May 14, 2007.[2] Defendant CrossGel has yet to obtain new counsel. However, Donald Dalton has appeared on behalf of Defendant CrossGel, in a limited appearance, as early as May 23, 2007.[3]

It has been a "long-standing rule that a corporation must be represented to appear in federal court."[4] As a limited liability company, Defendant CrossGel must be represented by counsel in this matter. CrossGel is currently represented by Mr. Dalton, who has entered a limited appearance in this matter. The Court recognizes that there was a period of time from May 3, 2007, to May 23, 2007, where Defendant CrossGel was not represented by counsel. The Court also recognizes that Defendant CrossGel did not comply with the Magistrate Judge's order to obtain new counsel by May 14, 2007. While these facts concern the Court, the Court does not believe that default judgment is appropriate at this time. This case is not like those cited by Plaintiff in its brief where parties went substantial periods of time without obtaining counsel

---

[1] Docket No. 536.

[2] *Id*.

[3] *See* Docket No. 551.

[4] *Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (collecting cases).

and/or repeatedly defied court orders to obtain counsel.  The Court does not believe that Defendant CrossGel has been dilatory in its efforts to obtain counsel.  The record clearly reflects that the CrossGel Defendants objected to the Magistrate Judge's orders granting permission to withdraw.  Additionally, SCM now seeks to represent the CrossGel Defendants in this matter.  This is an issue which is still pending before the Court.

It is therefore

ORDERED that Plaintiff's Motion for Default Judgment Against Defendant CrossGel, LLC (Docket No. 569) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that the hearing set for September 4, 2007, is STRICKEN.

DATED   August 23, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge