IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C., | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS TO ORDERS PERMITTING WITHDRAWAL OF COUNSEL |
| Plaintiff, | |
| vs. | |
| CLOUD NINE, et al., | Case No. 1:04-CV-117 TS |
| Defendants. | |
| CLOUD NINE, et al., | |
| Counterclaim-Plaintiffs and Third-Party Plaintiffs, | |
| vs. | |
| EDIZONE, L.C., | |
| Counterclaim-Defendant, | |
| and | |
| TERRY PEARCE, et al., | |
| Third-Party Defendants. | |

In February 2007, Snow, Christensen & Martineau ("SCM") entered an appearance for Defendants.[1]  Pate, Pierce & Baird ("PPB") also represented Defendants.  In April 2007, a conflict developed between two groups of Defendants: the CrossGel Defendants and the Cloud Nine Defendants.  Pate, Pierce & Baird were permitted to withdraw from their representation of Defendants on April 6, 2007.[2]  On April 25, 2007, Chief Magistrate Judge Alba held a hearing and found that a conflict did exist and permitted SCM to withdraw from representing Defendants.[3]  Defendants were directed to obtain new counsel by May 14, 2007, and the trial set for June 4, 2007, was stricken.[4]  The CrossGel Defendants have now filed an objection to the Magistrate Judge's orders permitting withdrawal, as well as a motion for reconsideration of that order.  For the reasons stated below, the Court will overrule the objection and will affirm the Magistrate Judge's orders in full.

For non-dispositive pretrial matters, this court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review.[5]  Under the clearly erroneous standard, this court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is

---

[1] Docket Nos. 516, 517, and 518.

[2] Docket No. 526.

[3] Docket Nos. 535 and 536.

[4] Docket No. 536.

[5] 28 U.S.C. § 636(b)(1)(A).

left with the definite and firm conviction that a mistake has been committed.'"[6]  Courts recognize that wide discretion is given the magistrate judge in discovery rulings.[7]

The CrossGel Defendants essentially argue that former counsel's motions failed to set forth sufficient grounds for withdrawal.  They argue that counsel failed to adequately explain what the conflict was and why it was unwaivable.  A review of the Magistrate Judge's order as it relates to SCM however, clearly reveals that the Magistrate Judge conducted an ex parte hearing with Defendants and SCM and determined that there was a conflict.

Having reviewed the record, there is nothing to indicate that the Magistrate Judge's orders were contrary to law.  PPB was allowed to withdraw from the case because SCM had taken over as trial counsel.  SCM was allowed to withdraw because a conflict had developed between the CrossGel Defendants and the Cloud Nine Defendants.  SCM's Motion complied with the requirements of DUCivR 83-1.4 because SCM had notified their client in writing of the status of the case including the dates and times of any scheduled court proceedings, pending compliance with any existing court orders, and the possibility of sanctions.[8]  Additionally, from the order permitting SCM to withdraw, it is clear that the Court was satisfied that SCM should be permitted to withdraw.[9]  Finally, this issue is essentially moot as a result of SCM's renewed attempts to appear as counsel for the CrossGel Defendants.

---

[6]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[7]*Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

[8]*See* DUCivR 83-1.4(a)(2).

[9]*See* DUCivR 83-1.4(a)(3).

It is therefore

ORDERED that the CrossGel Defendant's Objections to the Magistrate Judge's Orders Permitting Withdrawal of Counsel (Docket No. 555) is OVERRULED and the Magistrate Judge's Orders are AFFIRMED in all respects.

DATED   August 23, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge