IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C., <br><br>    Plaintiff, <br><br>vs. <br><br>CLOUD NINE, et al., <br><br>    Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER <br><br><br><br>Case No. 1:04-CV-117 TS |
| CLOUD NINE, et al., <br><br>    Counterclaim-Plaintiffs and Third-Party Plaintiffs, <br><br>vs. <br><br>EDIZONE, L.C., <br><br>    Counterclaim-Defendant, <br><br>and <br><br>TERRY PEARCE, et al., <br><br>    Third-Party Defendants. | |

This matter is before the Court on the Objection to Order Denying Motion to Enter Appearance as Counsel[1] filed by Snow, Christensen & Martineau's ("SCM"), the proposed attorneys for Defendants Barry McCann, Barry McCann dba CrossGel, and CrossGel, LLC. For the reasons set forth below, the Court will overrule SCM's objections and affirm the Magistrate's Judge's order.

## I.  BACKGROUND

In February 2007, Snow, Christensen & Martineau ("SCM") entered an appearance on behalf of all Defendants.[2] Pate, Pierce & Baird ("PPB") also represented Defendants. PPB were permitted to withdraw from their representation of Defendants because SCM had taken over as trial counsel.[3] In April 2007, a conflict developed between two groups of Defendants: the Cloud Nine Defendants and the CrossGel Defendants. The Cloud Nine Defendants, through their insurers, sought to settle the case, while the CrossGel Defendants wanted to continue to trial. SCM sought to withdraw from representing the CrossGel Defendants, but wanted to continue representing the Cloud Nine Defendants.[4] SCM stated that an unwaivable conflict had developed between the two groups of Defendants.[5] On April 25, 2007, the Magistrate Judge held a hearing and found that a conflict did exist and ordered SCM to withdraw from representing all

---

[1] Docket No. 619.

[2] Docket Nos. 516, 517, and 518.

[3] Docket No. 526.

[4] Docket No. 524.

[5] *Id*.

Defendants.[6]  Defendants were directed to obtain new counsel by May 14, 2007, and the trial set for June 4, 2007, was stricken.[7]

The firm of Clyde, Snow, Sessions & Swenson ("CSSS") entered their appearance on behalf of the Cloud Nine Defendants on May 14, 2007.[8]  Plaintiff and the Cloud Nine Defendants have since entered into a settlement agreement and Plaintiff's claims against the Cloud Nine Defendants have been dismissed.[9]  The Cloud Nine Defendants' counterclaims against Plaintiff remain.[10]  The CrossGel Defendants have not yet had counsel enter a general appearance, although Donald Dalton has made a special appearance to respond to certain motions.[11]

On July 18, 2007, SCM filed a Motion to Appear, seeking to enter an appearance on behalf of the CrossGel Defendants.[12]  SCM argued that the conflict that existed previously between the Cloud Nine Defendants and the CrossGel Defendants had been eliminated as a result of the settlement agreement between Plaintiff and the Cloud Nine Defendants.[13]  Further, SCM stated that the Cloud Nine Defendants consented to SCM's representation of the CrossGel

---

[6]Docket Nos. 535 and 536.

[7]Docket No. 536.

[8]Docket Nos. 544, 545, 546, and 547.

[9]Docket No. 621.

[10]*Id.*

[11]*See* Docket Nos. 555, 571, 589, 599, 601, 602, 603, 605, 606, and 608.

[12]Docket No. 591.

[13]Docket No. 592.

Defendants.[14]  The Magistrate Judge denied the Motion to Appear.[15]  SCM has now filed an Objection to the Magistrate Judge's order.[16]

## II. STANDARD

For non-dispositive pretrial matters, the Court reviews the Magistrate Judge's orders under a "clearly erroneous or contrary to law" standard of review.[17]  Under the clearly erroneous standard, the Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[18]

## III. DISCUSSION

Rule 1.9(a) of the Utah Rules of Professional Conduct states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

In discussing the application of this Rule, Comment 1 states that "a lawyer who has represented multiple clients in a matter [cannot] represent one of the clients against the others in the same or a substantially related matter after a dispute arose among the clients in that matter, unless all affected clients give informed consent."

---

[14]*Id*.

[15]Docket No. 612.

[16]Docket No. 619.

[17]28 U.S.C. § 636(b)(1)(A).

[18]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

SCM makes two arguments in support of its motion to appear.  First, SCM argues that the conflict that caused their withdrawal in the first instance has been resolved and that the interests of the CrossGel Defendants and the Cloud Nine Defendants are now aligned.  Second, SCM argues that it has obtained the informed consent of the Cloud Nine Defendants to represent the CrossGel Defendants and that the Cloud Nine Defendants have waived any future conflict.

SCM acknowledges that there are areas of potential conflict between the CrossGel Defendants and the Cloud Nine Defendants.[19]  These include indemnification issues and the issue of whether CrossGel assumed the liabilities of Cloud Nine and Easy Seat.  Additionally, there may be conflicts as to how counterclaims and defenses are presented in this litigation.  Thus, while one conflict has been resolved (the issue of whether to settle or go to trial) other conflicts remain which may pit the CrossGel Defendants and the Cloud Nine Defendants against each other.  Thus, SCM's first argument in support of its Motion fails.

The next argument raised by SCM is that the Cloud Nine Defendants have consented to their representation of the CrossGel Defendants and have waived any potential conflict.  In an affidavit, Rodney Ford, the managing member of Cloud Nine and Easy Seat, states that he has conferred with his attorneys about SCM's representation of the CrossGel Defendants and has discussed potential areas of conflict; he believes that the interests of the CrossGel Defendants and the Cloud Nine Defendants in pursuing the counterclaims against Plaintiff are aligned; and he consents to SCM's representation of the CrossGel Defendants in this litigation.  In an Affidavit, Defendant Barry McCann, the managing member of CrossGel, states that the dismissal of Plaintiff's claims against the Cloud Nine Defendants has eliminated future disagreements; he

---

[19]Docket No. 619, at 3.

states that he has been informed of possible areas of conflict between the CrossGel Defendants and the Cloud Nine Defendants; and he believes that the interests of the Cloud Nine Defendants and the CrossGel Defendants are aligned.

As noted above, an individual can waive a conflict by giving informed consent in writing. SCM argues that Rodney Ford has given his consent to SCM representing the CrossGel Defendants and has waived any future conflicts. However, the Court finds that Ford's consent is not fully informed. While Ford recognizes two potential areas of conflict, there are other conflicts which may arise during the course of this litigation. These include, among other things, the presentation of counterclaims and defenses during trial. The Court finds that these are areas where the CrossGel Defendants and the Cloud Nine Defendants may have adverse positions in the future. As a result, situations may arise where SCM may be forced to withdraw from representing the CrossGel Defendants because of its previous representation of all Defendants. If this were to happen it would result in further delay of this case. The Court wishes to avoid further delay in this already three-year-old case.

SCM also argues that the Cloud Nine Defendants have waived any future conflict and have consented to SCM representing the Cloud Nine Defendants. The fact that Rodney Ford has given his consent to SCM representing the CrossGel Defendants is unavailing. This consent is not fully "informed" because it is yet unclear what types of conflicts may arise between the Cloud Nine Defendants and the CrossGel Defendants in this action, or in a related action.

Based on these considerations, SCM has not shown that the Magistrate Judge's order was clearly erroneous or contrary to law. For that reason, the Magistrate Judge's order will be affirmed. SCM will not be allowed to represent any Defendants in this action.

## IV.  CONCLUSION

It is therefore

ORDERED that the Objection to Order Denying Motion to Enter Appearance as Counsel (Docket No. 619) is OVERRULED and the Magistrate Judge's Order is AFFIRMED in all respects.  It is further

ORDERED that the CrossGel Defendants obtain counsel to make a general appearance within twenty (20) days of this Order.  It is further

ORDERED that the hearing set for September 4, 2007, is STRICKEN.

DATED   August 30, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge