IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C., <br><br>    Plaintiff, <br><br> vs. <br><br> CLOUD NINE, et al., <br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS <br><br><br> Case No. 1:04-CV-117 TS |
| CLOUD NINE, et al., <br><br>    Counterclaim-Plaintiffs and Third-Party Plaintiffs, <br><br> vs. <br><br> EDIZONE, L.C., <br><br>    Counterclaim-Defendant, <br><br> and <br><br> TERRY PEARCE, et al., <br><br>    Third-Party Defendants. | |

This matter came before the Court on February 28, 2008, for oral argument on a number of pending motions. These motions can be grouped into two separate categories: (1) those dealing with the '450 Patent (Defendants' Motion for Reconsideration of Memorandum Decision and Order Entering Summary Judgment on Issue of Infringement of Claim 24 of U.S. Patent No. 5,994,450,[1] Defendants' Motion for Partial Judgment on First Cause of Action of Plaintiff's Second Amended Complaint,[2] and Plaintiff's Motion for Withdrawal Without Prejudice of all Claims and Counterclaims Pertaining to Claim 24 of the '450 Patent[3]); and (2) those dealing with the admissibility of certain evidence (Plaintiff's Motion to Exclude at Trial Defendants' New Positions and Evidence in Violation of this Court's Orders[4] and Defendants' Cross-Motion for Determination of Admissibility of Evidence[5]).[6]

At the close of the hearing, the Court ruled on the issues surrounding the '450 Patent as follows. The Court agreed to allow dismissal of the claims and counterclaims relating to claim 24 of the '450 Patent without prejudice. The Court also agreed to enter an order stating that Plaintiff may not re-litigate these claims against the CrossGel Defendants. Additionally, the Court directed counsel to consult with each other concerning evidentiary issues that may arise because of the '450 Patent. Any issues that cannot be resolved by counsel should be raised at the

---

[1] Docket No. 638.

[2] Docket No. 639.

[3] Docket No. 662.

[4] Docket No. 673.

[5] Docket No. 677.

[6] The Court previously ruled on Plaintiff's Motion for Temporary Restraining Order. *See* Docket No. 696.

2

appropriate time in the form of a motion in limine.  The Court took the matter relating to the admissibility of evidence under advisement.  Having considered the briefs, the arguments of counsel, and being otherwise fully informed, the Court rules as follows.

## I.  DISCUSSION

A.     THE '450 PATENT

Defendants' Motion for Reconsideration and Motion for Partial Judgment arise out of Plaintiff's actions before the United States Patent and Trademark Office ("PTO") concerning the '450 Patent.  Plaintiff, in the reexamination of the '450 Patent before the PTO, has cancelled claim 24 of the '450 Patent.  In its appeal brief before the PTO, Plaintiff states: "Filed on March 15, 2007 was an amendment to the claims, wherein claims 24 and its dependent claim 32 were canceled and claims 25, 28, 31 and 33-36 were written into independent form by including the limitations of prior claim 24."[7]  As a result of this cancellation, Defendants argue that any claims concerning the '450 Patent should be dismissed with prejudice and that they should be granted judgment on Plaintiff's first cause of action.

Plaintiff initially opposed Defendants' Motions, arguing that no final action had been taken by the PTO on the proposed amendment to the '450 Patent.  Thus, Plaintiff argued, claim 24 was still part of the '450 Patent.  Plaintiff now offers to withdraw claim 24 of the '450 Patent, without prejudice.  Defendants respond that any withdrawal should be with prejudice.

The cases cited by Defendants in their brief hold that positions taken before the PTO may bar inconsistent positions taken in litigation,[8] even if that position was taken during

---

[7]Docket No. 641, Attachment, at 5.

[8]*See Alpex Computer Corp. v. Nintendo Co. Ltd.*, 102 F.3d 1214, 1221 (Fed. Cir. 1996).

reexamination.[9] However, none of the cases cited by Defendants is directly on point because they do not address a situation where the reexamination proceeding is ongoing. Rather, each case concerns conduct prior to a patent being issued, either originally or after reexamination. Here, the reexamination process has yet to be completed and the only patent that has ever been issued is the original '450 Patent, which contains claim 24. Therefore, the cases cited by Defendants are distinguishable on this ground. Defendants have not cited to, and the Court cannot find, any cases that stand for the proposition that proposed amendments made during an ongoing reexamination proceeding are subject to prosecution history estoppel.

Additionally, Defendants' argument is precluded under the regulations concerning reexamination proceedings before the PTO. 37 C.F.R. § 1.530 provides that "[a] proposed amendment in an ex parte or inter partes reexamination proceeding is made by filing a paper directing that proposed specified changes be made to the patent specification, including the claims, or to the drawings."[10] Even though the PTO "will treat the proposed amendments as though they have been entered, the proposed amendments will not be effective until the reexamination certificate is issued and published."[11] Here, there is no evidence of a reexamination certificate being issued which cancels claim 24. Therefore, the proposed amendment to cancel claim 24 submitted to the PTO by Plaintiff has not yet become effective. As a result, Plaintiff's cause of action concerning claim 24 need not be dismissed with prejudice and Defendants' motions on this matter will be denied.

---

[9] *See Intermatic, Inc. v. Lamson & Sessions Co.*, 273 F.3d 1355, 1367 (Fed. Cir. 2001) (vacated on other grounds).

[10] 37 C.F.R. § 1.530(d).

[11] *Id*. § 1.530(k).

Turning to Plaintiff's Motion For Withdrawal, Plaintiff states that it is willing to withdraw its claim under claim 24 of the '450 Patent—the only claim of the '450 Patent which is still at issue in this case—in order to narrow the issues for trial. Plaintiff argues that by doing so, Defendants' counterclaims of invalidity and unenforceability relating to claim 24 are rendered moot. Defendants state that they are willing to withdraw their counterclaims concerning the '450 Patent, but seek assurances that Plaintiff will not litigate these issue against them in the future. Defendants also seek to preclude any evidence concerning the '450 Patent at trial.

Based on the above, it is not necessary to dismiss Plaintiff's claims with prejudice. The Court will, however, allow both parties to withdraw their claims and counterclaims with regard to the '450 Patent without prejudice. Further, the Court orders that Plaintiff may not re-litigate these claims against the CrossGel Defendants in the future. As to evidence concerning the '450 Patent at trial, the Court directs counsel to confer in an attempt to address any evidentiary issues that may arise because of the '450 Patent. Any issues which cannot be resolved by counsel should be raised in a motion in limine prior to trial.

B.      NEW POSITIONS AND EVIDENCE

Plaintiff seeks an order from the Court preventing Defendants from presenting evidence on positions which Plaintiff claims are new. Plaintiff argues that Defendants are attempting to assert new theories of invalidity, which were not stated in their counterclaims or discovery answers. Plaintiff also argues that Defendants are now trying to dispute a fact that they previously admitted in their answer and in a Pre-Trial Order. Plaintiff argues that these new theories have not been subject to discovery, claim construction, or motions practice. Plaintiff asserts that allowing Defendants to pursue this new evidence and these new theories would result in amending the pleadings, which would push this case back to the beginning stages and would

5

be highly prejudicial. Defendants respond that they are not seeking to add new positions or present new evidence. Further, Defendants argue there is no prejudice to Plaintiff.

There are two different types of evidence or theories to which Plaintiff objects. First, Defendants seek to supplement their invalidity claims by introducing evidence concerning prior art that has not been previously disclosed. Second, Defendants now seek to dispute that CrossGel assumed the liabilities of Cloud Nine and Easy Seat when it purchased their assets. Each of these will be discussed in turn.

    *1.*    *Prior Art*

Defendants' Verified Answer to Second Amended Complaint[12] sets forth the following claims for relief. Defendants' First Claim for Relief alleges that the '111 Patent is invalid because the combination of the Landi Patent and the Chen Patent obviate the '111 Patent.[13] Defendants also allege that the combination of the Davidson Patent and the Chen Patent obviate the '111 Patent.[14] Defendants' Third Claim for Relief alleges that the Hammond Patent anticipates the '450 Patent and that the Hammond Patent and Patel Patent obviate the '450 Patent.[15] Defendants' Fifth Claim for Relief alleges that the '527 Patent is invalid because the combination of the Landi Patent and the Chen Patent obviate the '527 Patent, and that the Davidson Patent and the Chen Patent obviate the '527 Patent.[16] Defendants' Verified Answer to

---

[12] Docket No. 251.

[13] *Id.* at ¶¶ 85–102.

[14] *Id.* at ¶¶ 103–105.

[15] *Id.* at ¶¶ 114–133.

[16] *Id.* at ¶¶ 143–155.

Second Amended Complaint is consistent with its previous discovery responses.[17]  Defendants have now submitted a supplement to their Initial Disclosures and Pretrial Disclosures setting out four additional patents, which it intends to present to show that the patents at issue are invalid.

Although Defendants have not requested any specific relief from the Court, Defendants are essentially seeking to amend their pleadings.  The Court will construe Defendants' actions as a motion to amend and will review their actions under Rule 15 of the Federal Rules of Civil Procedure.

Rule 15(a) provides that leave to amend a party's pleadings "shall be freely given when justice so requires."  However, the Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend."[18]  Additionally, a request to amend a pleading to add a new theory may be denied when such amendment would prejudice the opposing party.[19]

Here, Defendants proposed amendments are extremely untimely and highly prejudicial to Plaintiff.  As noted by Plaintiff, all deadlines in this case have long since expired.  The Court has construed the claims of the patents at issue pursuant to a *Markman* hearing and has ruled on the dispositive motions.  The only thing left is to take this matter to trial, which is scheduled to take place in just a few months.  Allowing Defendants to amend their pleadings to add new theories at this late stage would have drastic consequences.  The Court would be required to allow additional time for fact and expert discovery, entertain additional motions, and further delay the already long delayed trial.  At oral argument, Defendants' counsel conceded that allowing the

---

[17]*See* Docket No. 675, Exhibit 1, at 3–11 (identifying Landi, Chen, Davidson, and Hammond Patents).

[18]*Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).

[19]*See Martinez v. Potter*, 347 F.3d 1208, 1212 (10th Cir. 2003).

introduction of these additional patents would likely require some additional discovery and motion practice.  This would severely prejudice Plaintiff in this matter.  Moreover, there is no allegation that the prior art is newly discovered.  In fact, the prior art was discoverable prior to the time that Defendants filed their Verified Answer to Second Amended Complaint and before the deadlines in this case had run.[20]  Defendants argue that Plaintiff will not be prejudice by the admission of this evidence because this prior art has been in existence and was easily discoverable by Plaintiff.  This argument is unavailing.  As Plaintiff correctly notes, Defendants too could have easily discovered this prior art and submitted it to the Court prior to the expiration of the expiration of deadlines.[21]

Even if the Court does not construe Defendants' actions as a motion to amend under Rule 15, the result would be the same.  A number of courts have held that a party may not introduce evidence of prior art at trial if that party failed to identify that prior art during the appropriate discovery period.[22]  Many of the same concerns discussed above support the conclusion that

---

[20] The four patents at issue were issued between 1952 and 1988 and have been submitted by Defendants to the PTO during the reexamination process.  Docket No. 680, at 16–18.

[21] Docket No. 675, at 13 n.1.

[22] See, e.g., Primos, Inc. v. Hunter's Specialties, Inc., 451 F.3d 841, 850–51 (Fed. Cir. 2006) (holding that trial court did not abuse discretion in excluding prior art from evidence where party failed to identify prior art during discovery); ATD Corp. v. Lydall, Inc., 159 F.3d 534, 550–51 (Fed. Cir. 1998) (holding that trial court was well within its discretion in excluding undisclosed prior art where party seeking to introduce the prior art offered no reason to justify its submission long after close of discovery); Bridgestone Sports Co., Ltd. v. Acushnet Co., 2007 WL 521894, *4–5  (D. Del. Feb. 15, 2007) (holding that party could not rely on untimely disclosed prior art in part because opposing part would be required to conduct further fact and expert discovery and deadlines set by court would have to be extended); Praxair, Inc. v. ATMI, Inc., 2005 WL 3159054, *4 (D. Del. Nov. 28, 2005) (holding that "[p]rior art references must be disclosed during fact discovery and the parties must disclose their intent to rely thereon, regardless of whether or not the opposing party is aware of the reference" and excluding reference to undisclosed prior art); Takeda Chem. Indus., Ltd. v. Mylan Lab, Inc., 2005 WL

Defendants should not be allowed to present evidence concerning the newly disclosed prior art. First, as noted, discovery has long since passed. Second, there is no indication that this prior art is new or that it could not have been discovered prior to the close of discovery. Third, Defendants have offered no valid reason for the delay in disclosing this information.[23] Fourth, allowing Defendants to introduce this new evidence would require the reopening of fact and expert discovery, additional motions, and a likely continuance of the trial date.[24] Finally, with discovery closed, all dispositive motions decided, and trial only a few short months away, it would be unfair and prejudicial to Plaintiff to permit Defendants to introduce this new evidence.[25] For this reason, the Court will grant Plaintiff's Motion and will preclude Defendants from introducing evidence concerning these four additional patents.

   2.   *Assumption of Liabilities*

Plaintiff's Second Amended Complaint states the following: "Defendant CrossGel, LLC ("CrossGel") is a Utah entity, doing business as CrossGel. Its members and/or managers include Barry McCann, Rex Haddock and William E. Sandberg. It purchased the assets and liabilities of

---

2092920, *6 (S.D.N.Y. Aug. 31, 2005) (holding that party could not introduce evidence of prior art to support new theory after close of fact discovery).

[23]*See ATD Corp.*, 159 F.3d at 550–51. The only possible reason to justify this late disclosure is that Defendants' new counsel disagrees with the actions taken by Defendants' prior counsel. This is not, however, a valid reason to allow this information to be admitted. *See Security Nat'l Bank of Enid, Okl. v. John Deere Co.*, 927 F.2d 519, 520 (10th Cir. 1991) ("[I]t is a fundamental principle of our representational legal system . . . that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client."). *See also Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) ("[W]e find nothing unfair about requiring a party to be bound by the actions of his attorney-agent.").

[24]*See Bridgestone Sports*, 2007 WL 521894 at *5.

[25]*See Primos,* 451 F.3d at 851.

Cloud Nine, Easy Seat and Finnium."[26]  In response, Defendants admitted "the allegation of paragraph 12 of Plaintiff's Second Amended Complaint."[27]

Plaintiff's Second Amended Complaint also states:

> As part of CrossGel's purchase of Cloud Nine/Easy Seat on or about August 1, 2005, CrossGel legally and/or equitably assumed the liabilities of Cloud Nine, including continuing contractual duties and related liabilities for the prior breaches of the License Agreement.  CrossGel continues to breach the License Agreement in the same manner as Cloud Nine/Easy Seat.[28]

Defendants' Verified Answer to Second Amended Complaint states that "Defendants admit that CrossGel purchased the assets and liabilities of Cloud Nine on or about the date indicated, but deny the remaining allegation."[29]

In a Pre-Trial Order signed by the Court on January 3, 2007, the following is listed as an uncontested fact: "Defendant CrossGel is a Utah entity, doing business as CrossGel.  Its members and/or managers include McCann and Haddock.  On August 1, 2005, it purchased the assets and liabilities of Cloud Nine and Easy Seat."[30]

Finally, in preparation for the previously scheduled trial, the parties submitted the following proposed joint jury instruction:

> You are instructed that CrossGel assumed the obligations and liabilities of Cloud Nine and Easy Seat when it purchased their assets.  As a result, any and all continuing obligations of Cloud Nine and Easy Seat under the License Agreement that are proven by Plaintiff became the obligation(s) of CrossGel upon that

---

[26] Docket No. 247, ¶ 12.

[27] Docket No. 251, ¶ 12.

[28] Docket No. 247, ¶ 44.

[29] Docket No. 251, ¶ 44.

[30] Docket No. 442, ¶ 3j.

>purchase, and CrossGel may be liable under the License Agreement for any breach of any such obligation. Also, CrossGel may be liable under the License Agreement for any breach of the License Agreement by Cloud Nine and Easy Seat proven by Plaintiff.[31]

On August 29, 2007, Defendant attempted to withdraw the statement that CrossGel has purchased the assets and liabilities of Cloud Nine and Easy Seat.[32]

The discussion above with respect to Rule 15 is equally applicable here. As noted above, Defendants have admitted in their pleadings that CrossGel assumed the assets and liabilities of Cloud Nine and Easy Seat. Allowing Defendants to change their position on this issue would require amending the pleadings, as well as further discovery and motion practice. Further, the Court finds that this would prejudice Plaintiff for the same reasons stated above. Therefore, the Court will not permit Defendants to amend their pleadings.

Additionally, pursuant to Fed.R.Civ.P. 16(e), the Pre-Trial Order can only be modified by a subsequent order and will only be modified to prevent manifest injustice. Defendants have not sought such an order, nor have Defendants argued that this amendment is necessary to prevent manifest injustice. Defendants cannot unilaterally remove portions of the Pre-Trial Order and the Court rejects Defendants attempts to do so. Therefore, the Court finds that Defendants cannot retract their prior admission that CrossGel assumed the assets and liabilities of Cloud Nine and Easy Seat.

---

[31] Docket No. 445, Exhibit A, at 30.

[32] Docket No. 628. Defendants have not moved to vacate the Pre-Trial Order, nor have they moved to strike the objectionable sentence. Rather, they filed a Notice that they were withdrawing that sentence.

## III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Reconsideration of Memorandum Decision and Order Entering Summary Judgment on Issue of Infringement of Claim 24 of U.S. Patent No. 5,994,450 (Docket No. 638) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Defendants' Motion for Partial Judgment on First Cause of Action on Plaintiff's Second Amended Complaint (Docket No. 639) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Plaintiff's Motion for Withdrawal Without Prejudice of All Claims and Counterclaims Pertaining to Claim 24 of the '450 Patent (Docket No. 662) is GRANTED.  It is further

ORDERED that Plaintiff's Motion to Exclude at Trial Defendants' New Positions and Evidence in Violation of this Court's Orders (Docket No. 673) is GRANTED.  It is further

ORDERED that Defendants' Cross-Motion for Determination of Admissibility of Evidence (Docket No. 677) is DENIED.

DATED   February 29, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge