IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>        Plaintiff,<br><br><br><br><br><br>                vs.<br><br><br><br>CLOUD NINE, et al.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISSOLVE OR MODIFY ORDER ISSUED FEBRUARY 29, 2008 OR, IN THE ALTERNATIVE, SCHEDULE BRIEFING AND A HEARING RE: ORDER AND UNDERLYING MOTION(S)<br><br><br><br>Case No. 1:04-CV-117 TS |
| CLOUD NINE, et al.,<br><br>        Counterclaim-Plaintiffs and<br>        Third-Party Plaintiffs,<br>                vs.<br><br>EDIZONE, L.C.,<br><br>        Counterclaim-Defendant,<br><br>        and<br><br>TERRY PEARCE, et al.,<br><br>        Third-Party Defendants. | |

This matter is before the Court on Defendants' Motion to Dissolve or Modify Order Issued February 29, 2008 or, in the Alternative, Schedule Briefing and a Hearing Re: Order and Underlying Motion(s).[1]  The Court heard oral argument on the Motion on March 17, 2008.  For the reasons set forth below, the Court will deny the Motion and the Temporary Restraining Order (the "TRO Order") will remain in effect until a trial on the merits.

At issue is an Order issued by the Court on February 28, 2008,[2] which prevents Defendants "from selling or transferring any 'Production Line' and/or any technology, know-how or other information that is the subject of this litigation to A.H. Beard or any other entity, until further order by the Court following a trial on the merits."[3]  Defendants argue that the Order should be dissolved or, if not dissolved, clarified in several respects.  If the Order is not dissolved, Defendants request an increased surety and further briefing and a hearing on the underlying motion and Order.

Turning to Defendants' first contention, the Court finds nothing in the materials submitted by Defendants that would justify dissolving the Court's TRO Order.  Thus, this request will be denied.  The only new evidence presented by Defendants is in relation to the hardship they will face if the sale of the production line to A.H. Beard is stopped.  Defendants argue that "the Order will cause a breach of contract and the loss of $500,000 or more in revenue, most of it already paid."[4]  It is true that the Order prevents the sale of the production line to A.H.

---

[1] Docket No. 701.

[2] Docket No. 696.  Defendants incorrectly state that the Order was issued on February 29, 2008.

[3] *Id*.

[4] Docket No. 713, at 23.

Beard.  There is no evidence, however, that the sale is lost.  Defendants have provided no evidence that they will not be able to go forward with the sale after a trial on the merits, if the jury finds in their favor.  The only actual costs identified by Defendants that they have incurred are shipping costs, most of which could have been avoided.  These costs simply do not outweigh the harm to Plaintiff if its trade secrets are disclosed.

Second, Defendants seek to clarify the Order is several respects.  The Court will take this opportunity to clarify the Order in one respect.  Defendants "seek a modification to the Order providing that third party investments in CrossGel do not violate the Order."[5]  Plaintiff has stated in its brief and at oral argument that "[a]ny person or entity wishing to give money to CrossGel is fine with plaintiff, as long as there is no sale and/or transfer of what this Court has ordered cannot be sold or transferred . . . ."[6]  The Court will clarify that its Order does not reach the investment of funds in CrossGel, so long as such investment does not result in a transfer of those items which are subject to the Court's TRO Order.

Third, Defendants seek to increase the bond amount.  As noted above, Defendants have only provided evidence of shipping costs they will incur.  There is no evidence before the Court that the sale between Defendants and A.H. Beard is lost.  Further, there is no evidence of other damages.  Thus, the Court declines to increase the bond amount.

Finally, Defendants request further briefing and a hearing on the underlying motion and Order.  The parties have now engaged in two rounds of briefing and the Court has held two hearings on these issues.  The Court finds that little, if anything, will be gained from further

---

[5]*Id*. at 25.

[6]Docket No. 717, at 28.

briefing and hearings on this matter.  Further, trial is scheduled to begin on May 26, 2008.

Therefore, the Court will deny Defendants' request and the TRO will remain in place until a trial

can be held on the merits.

It is therefore

ORDERED that Defendants' Motion to Dissolve or Modify Oder Issued February 29,

2008 or, in the Alternative, Schedule Briefing and a Hearing Re: Order and Underlying

Motion(s) (Docket No 701) is DENIED.  The TRO issued on February 28, 2008, will remain in

place until a trial on the merits.

DATED   March 18, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge