IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>CLOUD NINE, et al.,<br><br>    Defendants.<br>_____<br>CLOUD NINE, et al.,<br><br>    Counterclaim-Plaintiffs and<br>    Third-Party Plaintiffs,<br><br>vs.<br><br>EDIZONE, L.C.,<br><br>    Counterclaim-Defendant,<br><br>    and<br><br>TERRY PEARCE, et al.,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND ORDER DENYING CROSSGEL DEFENDANTS' MOTION FOR RECONSIDERATION<br><br><br><br>Case No. 1:04-CV-117 TS |

This matter is before the Court on the CrossGel Defendants' Motion for Reconsideration of Memorandum Decision and Order on Pending Motions (Docket No. 699); or in the Alternative, Motion for Leave to File Amended Answer and Motion to Modify Pre-Trial Order. In their Motion, the CrossGel Defendants seek reconsideration of the Court's previous Order finding that CrossGel had assumed the liabilities of Cloud Nine and Easy Seat. In the alternative, Defendants seek leave to amend their Answer and modify the Pre-Trial Order, which contain Defendants' prior admission. For the reasons set out below, the Court will deny Defendants' Motion.

## I.  FACTUAL BACKGROUND

Plaintiff's Second Amended Complaint states the following: "Defendant CrossGel, LLC ("CrossGel") is a Utah entity, doing business as CrossGel. Its members and/or managers include Barry McCann, Rex Haddock and William E. Sandberg. It purchased the assets and liabilities of Cloud Nine, Easy Seat and Finnium."[1] In response, Defendants admitted "the allegation of paragraph 12 of Plaintiff's Second Amended Complaint."[2]

Plaintiff's Second Amended Complaint also states:

As part of CrossGel's purchase of Cloud Nine/Easy Seat on or about August 1, 2005, CrossGel legally and/or equitably assumed the liabilities of Cloud Nine, including continuing contractual duties and related liabilities for the prior breaches of the License Agreement. CrossGel continues to breach the License Agreement in the same manner as Cloud Nine/Easy Seat.[3]

---

[1] Docket No. 247, ¶ 12.

[2] Docket No. 251, ¶ 12.

[3] Docket No. 247, ¶ 44.

2

Defendants' Verified Answer to Second Amended Complaint ("Answer") states that "Defendants admit that CrossGel purchased the assets and liabilities of Cloud Nine on or about the date indicated, but deny the remaining allegation."[4]

In a Pre-Trial Order signed by the Court on January 3, 2007, the following is listed as an uncontested fact: "Defendant CrossGel is a Utah entity, doing business as CrossGel. Its members and/or managers include McCann and Haddock. On August 1, 2005, it purchased the assets and liabilities of Cloud Nine and Easy Seat."[5]

Finally, in preparation for the previously scheduled trial, the parties submitted the following proposed joint jury instruction:

> You are instructed that CrossGel assumed the obligations and liabilities of Cloud Nine and Easy Seat when it purchased their assets. As a result, any and all continuing obligations of Cloud Nine and Easy Seat under the License Agreement that are proven by Plaintiff became the obligation(s) of CrossGel upon that purchase, and CrossGel may be liable under the License Agreement for any breach of any such obligation. Also, CrossGel may be liable under the License Agreement for any breach of the License Agreement by Cloud Nine and Easy Seat proven by Plaintiff.[6]

On August 29, 2007, the CrossGel Defendants attempted to withdraw the statement in the Pre-Trial Order that CrossGel has purchased the assets and liabilities of Cloud Nine and Easy Seat.[7] The CrossGel Defendants did not, however, seek leave to amend their Answer or the Pre-Trial Order.

---

[4] Docket No. 251, ¶ 44.

[5] Docket No. 442, ¶ 3j.

[6] Docket No. 445, Ex. A, at 30.

[7] Docket No. 628. Defendants have not moved to vacate the Pre-Trial Order, nor have they moved to strike the objectionable sentence. Rather, they filed a Notice that they were withdrawing that sentence.

## II.  THE COURT'S PRIOR ORDER

On January 11, 2008, Plaintiff filed its Motion to Exclude at Trial Defendants' New Positions and Evidence in Violation of this Court's Orders.[8]  In that Motion, Plaintiff sought, among other things, to preclude Defendants from litigating the issue of assumption of liabilities based upon Defendants' prior admissions.  The Court, construing Defendants' actions as a Motion to Amend under Fed.R.Civ.P. 15(a), denied the Motion.[9]  The Court found Defendants' Motion to be untimely and that allowing Defendants to amend their pleadings at this late stage would unduly prejudice Plaintiff by requiring additional discovery, motion practice, and possible postponement of trial.[10]  Additionally, the Court found that the CrossGel Defendants had not shown the manifest injustice required for amendment of the Pre-Trial Order necessary under Fed.R.Civ.P. 16(e).  Defendants' now seek reconsideration of the Court's January 11, 2008 Order.

## III.  MOTION FOR RECONSIDERATION

The Court construes Defendants' Motion as one under Rule 59(e).  Grounds warranting relief under Rule 59(e) include: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice.[11]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to

---

[8] Docket No. 673.

[9] Docket No. 699.

[10] *Id.* at 11.

[11] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2005).

revisit issues already addressed or advance arguments that could have been raised in prior briefing."[12]

The CrossGel Defendants' Motion for Reconsideration raises arguments which either were, or should have been, raised previously. Thus, Defendants' Motion for Reconsideration is improper. Even considering the arguments raised by Defendants, however, the Court's decision remains the same.

## IV. MOTION FOR LEAVE TO FILE AMENDED ANSWER

Rule 15(a) provides that, after a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."[13] The Rule goes on to state that "[t]he court should freely give leave when justice so requires."[14] Here, the CrossGel Defendants seek leave to amend their Answer to remove their admission that CrossGel assumed the liabilities of Cloud Nine and Easy Seat.

The Supreme Court, in *Forman v. Davis*,[15] stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."[16]

---

[12] *Id.* (citation omitted).

[13] Fed.R.Civ.P. 15(a)(2).

[14] *Id.*

[15] 371 U.S. 178 (1962).

[16] *Id.* at 182.

The issues presented here are timeliness, prejudice to Plaintiff, and unreasonable delay of trial. The Court will discuss each issue separately.

A.      TIMELINESS

As noted, the Supreme Court in *Forman* listed "undue delay" as one of the justifications for denying amendment. The Tenth Circuit has stated that "'[l]ateness does not of itself justify the denial of the amendment.'"[17]  "However, '[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time.'"[18]  "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[19]

The Tenth Circuit "focuses primarily on the reasons for the delay."[20]  The Tenth Circuit has "held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[21]  "For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."[22]  "Courts will properly deny a motion to amend when it

---

[17]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[18]*Id*. (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d ed. 1990)).

[19]*Id*. (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

[20]*Id*. at 1206.

[21]*Id*. (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

[22]*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.3d 383, 387 (10th Cir. 1987).

6

appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay [] raising [an] issue until the eve of trial."[23]

Defendants argue that CrossGel never intended to assume the liabilities of Cloud Nine and Easy Seat. The agreement between Cloud Nine and Easy Seat occurred on August 1, 2005. Thus, Defendants knew of the factual basis for their argument by, at the latest, August 1, 2005. The first time Defendants raised this issue did not occur until August 29, 2007, over two years later. Additionally, the CrossGel Defendants never sought leave to amend the Answer and Pre-Trial Order until the filing of this Motion, which occurred on March 19, 2008, only two months before trial.

Defendants have failed to present an adequate explanation for delay. Defendants argue that there was no need to seek leave to amend because the evidence shows that they, in fact, did not assume all of the liabilities of Cloud Nine and Easy Seat. This argument, however, ignores the plain language of the Answer, Pre-Trial Order, and jury instructions, which clearly state the opposite. Defendants argue that those statements only show that CrossGel assumed "the liabilities" of Cloud Nine and Easy Seat, not "all the liabilities" of Cloud Nine and Easy Seat. Defendants' argument strains logic and the English language. Further, their argument is belied by their own actions. If, as Defendants suggest, CrossGel never assumed the liabilities of Cloud Nine and Easy Seat, there would have been no need for Defendants to attempt to withdraw the statement in the Pre-Trial Order that CrossGel did assume these liabilities.

---

[23]*Minter*, 451 F.3d at 1206 (quotation marks and citations omitted).

The only real argument to be made with respect to the issue of timeliness is that Defendant's new counsel disagrees with the trial strategy taken by Defendant's prior counsel. The Court finds, however, that this is not an adequate explanation for the delay.

This is not a case, such as the one presented in *Minter*, where there was an adequate explanation for the delay. In that case, the plaintiff's untimely attempt to amend his complaint was based on late disclosures made by defendants.[24] Here, there was no such late disclosure. As noted, the parties have taken the position throughout this litigation that CrossGel assumed the liabilities of Cloud Nine and Easy Seat. Defendants now argue that CrossGel did not intend to assume all liabilities and that Plaintiff has, or should have, been aware of this. This argument, however, cuts both ways. If Plaintiff should have known that CrossGel did not intend to assume the liabilities of Cloud Nine and Easy Seat, then surely CrossGel should have known this as well. Despite this apparent knowledge the CrossGel Defendants have maintained during this entire case that CrossGel assumed the liabilities of Cloud Nine and Easy Seat. They waited for over two years—from the agreement date of August 1, 2005, to the filing on August 29, 2007—to bring this matter to the Court's attention. The CrossGel Defendants have simply provided no adequate justification that would excuse the delay in seeking to amend their Answer.

B.   UNDUE PREJUDICE

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[25]  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their

---

[24]*Id*. at 1207.

[25]*Id*.

defense to the amendment.'"[26] "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[27]

Defendants argue that Plaintiff is not prejudiced for four reasons. First, Defendants continue to assert that CrossGel never admitted that it assumed the liabilities of Cloud Nine and Easy Seat. Second, Defendants argue that the amendment does not require further discovery, motion practice, or additional time to prepare for trial. Third, Defendants argue that Plaintiff understood that CrossGel did not assume the liabilities of Cloud Nine and Easy Seat. Fourth, Defendants ask why, if Plaintiff was prejudiced, it waited so long to respond to Defendant's August 29, 2007 filing. In addition to these reasons, Defendants also argue that they will be prejudiced if the Motion is not granted.

Defendants' arguments must be rejected. With regard to their first argument, Defendants continue to ignore the clear language of their previous admissions that CrossGel assumed the liabilities of Cloud Nine and Easy Seat. Second, the Court finds that additional discovery would be required on this issue. While it is true that during the depositions of Barry McCann and Blaine Ford Plaintiff's counsel asked a handful of questions about the agreement between CrossGel and Cloud Nine and Easy Seat, the discovery on this issue was limited by Defendants' prior admissions. Third, Plaintiff relied on Defendants' admission throughout this litigation. Thus, it cannot be stated that Plaintiff knew there was no such admission. Fourth, as will be discussed further below, it is not Plaintiff's burden to bring a motion to amend to allow

---

[26]*Id*. at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[27]*Id*.

9

Defendants' to amend their Answer. This burden is on Defendants. Finally, Defendants argue that they will be prejudiced if leave to amend is not granted. Any prejudice, however, is of their own making. Defendants chose to admit throughout this litigation that CrossGel assumed the liabilities of Cloud Nine and Easy Seat. Defendants must now live with that choice. The Court cannot find that it is unjust to hold a party to its prior admission.

Plaintiff argues that it is prejudiced in the following ways: (1) by dismissing other defendants while secure in having Defendants' admissions that CrossGel continued to be liable to the full extent of its assumption of those settling defendants' liabilities; (2) by not fully exploring in discovery the facts of that assumption of liabilities and preparing to present evidence to prove the assumption of all liabilities; (3) by not having an opportunity, after such discovery, to file a dispositive motion on the issue; and (4) by having to file its prior motion because of Defendants' notice and now having to respond to Defendants' instant motion, two months before trial. Plaintiff argues that allowing the requested amendment will reopen discovery, motion practice, and will require another continuance of trial.

The Court agrees that amendment would prejudice Plaintiff. Defendants' proposed amendment raises significant factual issues which have not been the subject of extensive discovery or motion practice. Allowing the amendment would require the reopening of discovery, additional dispositive motions, and a delay of trial. Further, Plaintiff has relied on Defendants' previous statements that CrossGel assumed the liabilities of Cloud Nine and Easy Seat throughout the course of this litigation, including in settling with other defendants. Those settlements were based, at least in part, on Plaintiff's understanding that CrossGel assumed the liabilities of Cloud Nine and Easy Seat. That understanding was based on Defendants' numerous representations detailed above. Plaintiff cannot renegotiate those settlements now that CrossGel

is seeking to retract that representation. From this, the Court finds that Plaintiff would be severely prejudiced by any such amendment. For the reasons discussed above, the Court finds that amendment of the Answer is improper.

C.     UNREASONABLE DELAY OF TRIAL

In addition to the fact that Defendants' proposed amendment is extremely untimely and will prejudice Plaintiff, the Court finds that allowing the amendment would unreasonably delay resolution of this case. The Tenth Circuit has upheld denials of motions to amend where, as here, discovery has closed, the parties are ready for trial, and the amendment would require additional discovery and preclude the entry of final judgment.[28]

As noted in its previous Order, discovery has been closed for some time and the dispositive motions deadline has long since passed. The Court finds that allowing this amendment would require the reopening of discovery, additional motion practice, and a possible delay of this already long-delayed trial. While Defendants argue that additional discovery is not necessary because discovery on this issue has already taken place, this argument ignores the fact that Plaintiff has relied on this admission throughout the course of this litigation and the discovery that has taken place on this issue is minimal at best. From this, the Court finds that allowing the amendment will result in unreasonable delay of this matter. Therefore, denial is appropriate on this ground as well.

---

[28] *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

## V.  MOTION TO MODIFY PRE-TRIAL ORDER

Defendants also seek to modify the Pre-Trial Order.  Many of the same arguments set forth above in relation to amending the Answer are equally applicable to the proposed amendment of the Pre-Trial Order.

Rule 16(e) provides that "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice."  Courts consider the following factors when determining a motion to amend a pre-trial order: (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.[29]  Another factor is whether the moving party acted in a timely manner.  Each of these factors, with the possible exception of bad faith, weigh against allowing the amendment.

A. PREJUDICE

As discussed above, the Court finds that Plaintiff will be prejudiced by allowing Defendants to withdraw their admission that CrossGel assumed the liabilities of Cloud Nine and Easy Seat.  If the amendment is made, further discovery and motion practice will be necessary and the trial will likely be delayed.  Further, Plaintiff has relied upon Defendants' representation throughout the course of this litigation and has done so in settling with other Defendants.  Those settlement agreements cannot now be reworked as a result of Defendants' proposed retraction.

---

[29]*Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

B.     ABILITY TO CURE PREJUDICE

The Court further finds that there is no ability to cure the prejudice to Plaintiff at this late stage. Allowing the amendment will essentially put this case back at square one. Further, there is no way to cure the prejudice resulting from Plaintiff's reliance on Defendants' admission in entering into the settlement agreement with other Defendants.

C.     DISRUPTION OF TRIAL

As noted, allowing the amendment would likely require a postponement of the trial. This trial has already been postponed a number of times and is now finally ready to be tried.

D.     BAD FAITH

Here, there is no direct evidence of bad faith on the part of Defendants, but certain facts, when put into the proper context, give the Court pause. Defendants have taken the position throughout this case that CrossGel assumed the liabilities of Cloud Nine and Easy Seat. Throughout most of this litigation all Defendants were represented as a single group. At some point, however, the interests of the Defendants diverged. The Cloud Nine Defendants ultimately settled with Plaintiff while the CrossGel Defendants continued with this litigation.

Plaintiff entered into this settlement agreement with the Cloud Nine Defendants and they were dismissed from this action on August 21, 2007. A mere eight days later, on August 29, 2007, the CrossGel Defendants attempted to withdraw the statement in the Pre-Trial Order that CrossGel has purchased the assets and liabilities of Cloud Nine and Easy Seat.

While there is no evidence of collusion between the CrossGel Defendants and the Cloud Nine Defendants, it is troubling that the CrossGel Defendants' attempted withdrawal of its previous amendment followed so closely the dismissal of the Cloud Nine Defendants. Plaintiff relied on CrossGel's admission that it assumed the liabilities of Cloud Nine and Easy Seat when

it settled with the Cloud Nine Defendants. This reliance explains why Plaintiff was willing to settle with the Cloud Nine Defendants for only a small portion of its alleged damages. Allowing amendment would essentially mean that, if Plaintiff were to prevail at trial, it would not be able to recover the full extent of its alleged damages.

E.   TIMELINESS

The Tenth Circuit has noted that "if the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial] conference . . . then it may not be allowed."[30] If, as Defendants suggest, CrossGel did not intend to assume all of the liabilities of Cloud Nine and Easy Seat, this was a fact which was known to Defendants when the agreement was entered into on August 1, 2005. This was well before the Answer, Pre-Trial Order, proposed jury instructions, and Defendants' August 29, 2007 filing. The CrossGel Defendants were aware of the factual basis for their claim that CrossGel did not assume the liabilities of Cloud Nine and Easy Seat well before any of these events took place. Yet, the CrossGel Defendants have continued to state that CrossGel did, in fact, assume those liabilities. From this, the Court finds that the CrossGel Defendants' proposed amendment is untimely.

Defendants attempt to shift the blame of their untimeliness to Plaintiff. Defendants take issue with the fact that Plaintiff waited so long to respond to Defendants attempt to withdraw its stipulation that CrossGel assumed the liabilities of Cloud Nine and Easy Seat. This argument is without merit. It is not Plaintiff's burden to seek leave for Defendants to file an Amended Answer or amend the Pre-Trial Order. As just stated, the CrossGel Defendants were aware of the factual basis for their claim that CrossGel did not assume the liabilities of Cloud Nine and Easy

---

[30] *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993) (quotation marks and citation omitted).

14

Seat on August 1, 2005.  Despite this, Defendants did nothing for over two years and actually made the opposite representation in numerous Court filings.  When Defendant finally did take action, it was not in the form of a motion to amend.  Rather, Defendants unilaterally sought to amend their Answer and the Pre-Trial Order without seeking permission from either Plaintiff or the Court.  In fact, it was Defendants' actions (or lack thereof) that resulted in Plaintiff bringing a motion to determine these issues.  And it was not until after the Court ruled on Plaintiff's motion—finding that Defendants had admitted that CrossGel assumed the liabilities of Cloud Nine and Easy Seat—that Defendants sought leave to amend their Answer and the Pre-Trial Order.  Defendants are in no position to take Plaintiff to task for failing to promptly bring these matters to the Court's attention when they have failed to do so for over two years.

For these reasons, the Court will not allow amendment of the Pre-Trial Order on this issue.  Even if amendment of the Pre-Trial Order was appropriate here, Defendants cannot escape the fact that they have admitted in their Answer that CrossGel assumed the liabilities of Cloud Nine and Easy Seat.  As stated above, the Court will not permit amendment of the Answer.  The Court recognizes that an Amended Pre-Trial will likely be required because of the changes that have occurred between now and the previous trial setting, such as dismissal of parties and claims.  Any Amended Pre-Trial Order, however, shall retain the statement that CrossGel assumed all of the liabilities of the CrossGel Defendants.

## VI. CONCLUSION

It is therefore

ORDERED that the CrossGel Defendants' Motions for Reconsideration of Memorandum Decision and Order on Pending Motions; or in the Alternative, Motion for Leave to File Amended Answer and Motion to Modify Pre-Trial Order (Docket Nos. 721, 725, and 726) are DENIED.

DATED   April 24, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge