IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>　　Plaintiff,<br><br><br><br>　　vs.<br><br><br>CLOUD NINE, et al.,<br><br>　　Defendants.<br>_____<br><br>CLOUD NINE, et al.,<br><br>　　Counterclaim-Plaintiffs and<br>　　Third-Party Plaintiffs,<br><br>　　vs.<br><br>EDIZONE, L.C.,<br><br>　　Counterclaim-Defendant,<br><br>　　and<br><br>TERRY PEARCE, et al.,<br><br>　　Third-Party Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING LEAVE TO CONDUCT EXPEDITED DISCOVERY<br><br><br><br><br>Case No. 1:04-CV-117 TS |

This matter is before the Court on Defendants' objections to the Magistrate Judge's Order Granting Leave to Conduct Expedited Discovery.[1]  That Order was entered on March 31, 2008, after a hearing on Plaintiff's Motion for Leave to Conduct Expedited Discovery.[2]  Plaintiff's Motion sought to conduct additional limited discovery in order to update their damages report and to understand the facts surrounding Defendants attempted sale of a production line.  The Magistrate Judge's Order granted Plaintiff's Motion.  The Magistrate Judge granted Plaintiff leave to propound three requests for production of documents and three interrogatories.  The Magistrate Judge also allowed Plaintiff to conduct one deposition of the person knowledgeable about the matters raised in Plaintiff's Motion.  The Magistrate Judge directed Defendants to respond to Plaintiff's requests for production of documents and three interrogatories by April 11, 2008, and directed the deposition to occur the following week.  Defendants sought, unsuccessfully, to stay the Magistrate Judge's Order.[3]

For non-dispositive pretrial matters, this court reviews the Magistrate Judge's orders under a "clearly erroneous or contrary to law" standard of review.[4]  Under the clearly erroneous

---

[1] Docket No. 742.

[2] *See* Docket No. 729.  The Court notes that there is no written order on Plaintiff's Motion.  The Magistrate Judge granted Plaintiff's Motion orally at the close of the hearing and directed Plaintiff's counsel to prepare a written order.  Plaintiff's counsel has submitted that written order, which both parties agree is an accurate reflection of the Magistrate Judge's oral ruling, to this Court.  *See* Docket No. 755, Ex. 1.  However, it does not appear that the written order has yet been entered.  For the purposes of this Order, the Court will review the proposed written order as if it had been entered by the Magistrate Judge.

[3] Docket No. 754.  Pursuant to DUCivR 74-1(b), Defendants' Motion to Stay was initially addressed by the Magistrate Judge.  Defendants have not filed an objection to the Magistrate Judge's Order denying their Motion to Stay.

[4] 28 U.S.C. § 636(b)(1)(A).

2

standard, this court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[5]  Courts recognize that wide discretion is given the magistrate judge in discovery rulings.[6]

Having considered the underlying motion, the Magistrate Judge's Order, Defendants' objections thereto, and Plaintiff's response, the Court is not left with the definite and firm conviction that a mistake has been committed.  Therefore, the Court will overrule Defendants' objections and will direct Defendants to comply with the Magistrate Judge's Order within the time frame set forth below, if Defendants have not already done so.

It is therefore

ORDERED that Defendants' Objections to Order Granting Leave to Conduct Expedited Discovery (Docket No. 742) is OVERRULED.  It is further

ORDERED that Defendant's written responses and answers, and the responsive documents, if any, being produced in relation to Plaintiff's Second Follow-up Discovery Requests to CrossGel Defendants, shall be served on Plaintiff's counsel so as to be received before the close of business on Friday May 9, 2008, and the deposition shall be taken by that same date, unless other arrangements are agreed upon in advance by counsel for Plaintiff and Defendants.

---

[5] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[6] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

DATED   May 1, 2008.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge