IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>　　Plaintiff,<br><br>vs.<br><br>CLOUD NINE, et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE<br><br><br>Case No. 1:04-CV-117 TS |
| CLOUD NINE, et al.,<br><br>　　Counterclaim-Plaintiffs and<br>　　Third-Party Plaintiffs,<br><br>vs.<br><br>EDIZONE, L.C.,<br><br>　　Counterclaim-Defendant,<br><br>　　and<br><br>TERRY PEARCE, et al.,<br><br>　　Third-Party Defendants. | |

This matter comes before the Court on the CrossGel Defendants' Motions in Limine. The CrossGel Defendants seek to preclude Plaintiff from introducing the following types of evidence: (1) evidence of alleged ownership interest in the "gel" mentioned in Claim 1 of the '111 Patent and Claim 33 of the '527 Patent; (2) evidence regarding the '450 Patent; and (3) evidence regarding sales made by CrossGel to Plaintiff's licensees.  The Court will discuss each issue in turn.

I.  MOTION TO PRECLUDE EVIDENCE OF ALLEGED OWNERSHIP INTEREST IN GEL

Claim 1 of the '111 Patent and Claim 33 of the '527 Patent discuss "gel cushioning media."  Defendants seek to preclude Plaintiff from presenting evidence alleging an ownership interest in the "gel" described in the '111 and '527 Patents.  Defendants present four arguments in support of their Motion.  First, Defendants assert that the gel described in the '111 and '527 Patents is exceedingly broad.  Second, Defendants argue that there is no probative value to a claim that Plaintiff owns the gel or that the gel is patented.  Third, Defendants state that, to the extent such evidence has any probative value, that value is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, misleading the trier of fact, undue delay, and waste of time.  Finally, Defendants argue that a claim that Plaintiff owns the gel used in the '111, '450, and '527 patents, or claim that such gel is patented, is inconsistent with Plaintiff's claim for misappropriation of trade secrets.

Plaintiff states that it has never claimed ownership of the entire range of the "gel cushioning media" mentioned in Claim 1 of the '111 Patent and Claim 33 of the '527 Patent, without the other claim elements.  Plaintiff agrees "that it is immaterial whether or not any 'gel'

described as a 'gel cushioning media' in the '111 and '527 Patents includes the same 'gel' described in the '450 Patent or any 'gel' that might be a trade secret."[1]

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2] Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[3]

Fed.R.Evid. 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.

The Court has ruled, as a matter of law, that Defendants have infringed on Claim 1 of the '111 Patent, Claim 24 of the '450 Patent, and Claim 33 of the '527 Patent.[4] As will be discussed in more detail below, all claims and counterclaims relating to the '450 Patent have been withdrawn.[5] The Court agrees, as apparently do the parties, that any claim of ownership of the "gel" discussed in the '111 Patent and the '527 Patent is likely irrelevant. However, the Court is

---

[1] Docket No. 776, at 3.

[2] Fed.R.Evid. 401.

[3] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed.R.Evid. 401 advisory committee's note).

[4] *See* Docket Nos. 381 and 562.

[5] *See* Docket No. 699.

unable to rule on this Motion outside the context of trial. Therefore, the Court will take this matter under advisement.

## II.  MOTION TO PRECLUDE EVIDENCE RE: '450 PATENT

Defendants also seek an order precluding Plaintiff from presenting any evidence at trial regarding the '450 Patent. Defendants argue that such an order is necessary for three reasons. First, Defendants argue that evidence regarding the '450 Patent is irrelevant to the determination of whether the '111 and '527 Patents are valid or invalid. Second, Defendants state that the '450 Patent in unrelated to the '111 and '527 Patents. Finally, Defendants assert that any probative value regarding the '450 Patent is substantially outweighed by the danger of unfair prejudice to Defendants, confusing the issues, misleading the trier of fact, undue delay, and a waste of the Court's time.

Plaintiff responds by arguing that although evidence of infringement of the '450 Patent is irrelevant, some evidence concerning the '450 Patent may be required at trial.[6]

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[7] Of course, "[t]he standard is not stringent;

---

[6] The Court notes that Plaintiff's Memorandum in Opposition to Defendants' Renewed Motion to Preclude Evidence Re: '450 Patent, Docket No. 775, fails to comply with the page limitations set out in the Court's Trial Order. *See* Docket Nos. 380, 530, 777, and 778 (providing that a brief in support of, or in opposition to, a motion in limine shall not be longer than three pages in length). As a result, the Court will disregard the arguments made on page five of Plaintiff's Memorandum.

[7] Fed.R.Evid. 401.

it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[8]

Fed. R.Evid. 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.

As has been noted, all claims and counterclaims relating to the '450 Patent have been withdrawn.[9]  The Court agrees that any evidence concerning the '450 Patent will likely be irrelevant to the issues before the jury at trial.  However, it is likely that at least some discussion of the '450 Patent will be required at trial.  For example, it appears that Defendants intend to invoke the '450 Patent as a defense to Plaintiff's misappropriation of trade secrets claim.  As a result, at least some evidence concerning the '450 Patent will need to be introduced.  Thus, the Court finds that a blanket ruling prohibiting Plaintiff from introducing any evidence on the '450 Patent is not appropriate at this time.  The Court will take the Motion under advisement and address the issues raised therein as they arise in trial.

### III.  MOTION TO PRECLUDE EVIDENCE RE: SALES TO LICENSEES

Defendants finally seek to preclude Plaintiff from presenting any evidence concerning sales CrossGel made to Plaintiff's licensees, including Advanced Comfort Technologies Incorporated ("ACTI") and Gaymar Industries, Inc. ("Gaymar").  Defendants argue that Plaintiff received or had the right to receive royalties from these licensees and any attempt to recover from CrossGel's sales to these licensees would result in double recovery.  Thus, Defendants

---

[8]*United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed.R.Evid. 401 advisory committee's note).

[9]*See* Docket No. 699.

argue that Plaintiff should be precluded from offering any evidence arising out of CrossGel's sales to Plaintiff's licensees to support a claim for damages.

Plaintiff responds that it "has never intended to seek damages arising from any defendants' sales of product to plaintiff's licensees who in fact paid royalties to plaintiff from the resale of the same product."[10]  Based on this statement, the Court will grant Defendants' Motion and will preclude Plaintiff from presenting evidence on this issue at trial.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Preclude Evidence of Alleged Ownership Interest in "Gel" of '111 and '527 Patent Claims (Docket No. 765) is TAKEN UNDER ADVISEMENT. It is further

ORDERED that Defendants' Motion to Preclude Evidence re: '450 Patent (Docket No. 761) is TAKEN UNDER ADVISEMENT.  It is further

ORDERED that Defendants' Motion to Preclude Evidence re: Sales of Licensees (Docket No. 757) is GRANTED.  It is further

ORDERED that Defendants' Motions to Expedite Consideration (Docket Nos. 745, 749, 759, 763, and 767) are DENIED AS MOOT.

DATED   May 13, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] Docket No. 774, at 2.