IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>CLOUD NINE, et al.,<br><br>    Defendants.<br>_____<br><br>CLOUD NINE, et al.,<br><br>    Counterclaim-Plaintiffs and<br>    Third-Party Plaintiffs,<br><br>vs.<br><br>EDIZONE, L.C.,<br><br>    Counterclaim-Defendant,<br><br>    and<br><br>TERRY PEARCE, et al.,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING DEFENDANTS'<br>MOTION FOR DETERMINATION<br>OF ADMISSIBILITY OF EVIDENCE<br><br><br><br><br><br>Case No. 1:04-CV-117 TS |

1

This matter comes before the Court on the CrossGel Defendants' Motion for Determination of Admissibility of Evidence and Reversal *Nunc Pro Tunc* of Dismissal of the Cloud Nine and Easy Seat Counterclaims. For the reasons stated below, the Court will deny the Motion.

As has been discussed at great length, CrossGel assumed the assets and liabilities of Cloud Nine and Easy Seat.[1] Plaintiff has settled with Cloud Nine and Easy Seat and Plaintiff's claims against them have been dismissed.[2] However, Plaintiff expressly reserved its claims against the CrossGel Defendants "to the extent they or any of them assumed the liabilities of those defendants who have been dismissed."[3] In addition, all of Defendants' counterclaims which were not previously dismissed remained.[4] The CrossGel Defendants later agreed to dismiss the Seventh, Ninth, Tenth, and Eleventh counterclaims, but retained the right to assert those counterclaims as affirmative defenses.[5]

Defendants' Motion seeks the following relief. First, the CrossGel Defendants seek to limit their liability to Plaintiff's second cause of action, arguing that any assumption of liabilities only extends to Plaintiff's breach of contract claim. Defendants argue that any assumed liability extends only to the breach of the license agreement, not to Plaintiff's other causes of action. Second, Defendants seek reversal of the Court's order granting the stipulated motion to dismiss

---

[1] *See* Docket Nos. 699 and 770.

[2] Docket No. 621.

[3] *Id*. at 2.

[4] *Id*.

[5] *See* Docket Nos. 650, 653, 669, 670, and 671.

the counterclaims and seek the ability to present their Seventh Claim for Relief. Defendants argue that they agreed to dismiss the counterclaims at a time when they did not believe that CrossGel had assumed all of the liabilities of Cloud Nine and Easy Seat. Defendants further argue that they would not have stipulated to the dismissal of the counterclaims if they knew they had assumed the liabilities of Cloud Nine and Easy Seat.

Plaintiff opposes the Motion arguing that Defendants should not be allowed to escape the full potential of their liability to Plaintiff. Plaintiff further argues that Defendants' request should be denied because Defendants voluntarily agreed to the dismissal of their counterclaims.

As to the first argument, Defendants merely seek reconsideration of the Court's previous orders. The Court declines the invitation. The simple fact remains that CrossGel assumed the liabilities of Cloud Nine and Easy Seat and that Defendants have admitted as much throughout the course of this litigation. With that assumption of liabilities comes the risk that they may be required to pay damages relating to those assumed liabilities.

Turning to the second argument, Defendants argue that they agreed to dismiss their counterclaims at a time when they did not believe that CrossGel has assumed all of the liabilities of Cloud Nine and Easy Seat. The Court must reject this argument. While it is true that the stipulated motion to dismiss came before the Court's explicit rulings on this issue, it came well after the Second Amended Complaint, the Verified Answer, the Pre-Trial Order, and the stipulated jury instructions—each of which contained a clear statement that CrossGel assumed the liabilities of Cloud Nine and Easy Seat. Defendants requested that these counterclaims be dismissed and the Court granted that request. The Court will not reverse this stipulated dismissal at this late date. However, as pointed out by Plaintiff, Defendants have retained the right to pursue the dismissed counterclaims as affirmative defenses.

It is therefore

ORDERED that Defendants' Motion for Determination of Admissibility of Evidence and Reversal *Nunc Pro Tunc* of Dismissal of the Cloud Nine and Easy Seat Counterclaims (Docket Nos. 781 and 789) is DENIED.

DATED   May 20, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge