IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>CLOUD NINE, et al.,<br><br>    Defendants.<br> | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION IN LIMINE RE: INFRINGEMENT<br><br><br><br>Case No. 1:04-CV-117 TS |
| CLOUD NINE, et al.,<br><br>    Counterclaim-Plaintiffs and Third-Party Plaintiffs,<br><br>vs.<br><br>EDIZONE, L.C.,<br><br>    Counterclaim-Defendant,<br><br>    and<br><br>TERRY PEARCE, et al.,<br><br>    Third-Party Defendants. | |

1

This matter comes before the Court on the CrossGel Defendants' Motion in Limine Re: Plaintiff's Reference to Defendants' Infringement. Defendants seek to preclude Plaintiff from making any reference to or comment on the Court's previous ruling that Defendants' products infringe Claim 33 of the '527 Patent and Claim 1 of the '111 Patent.

The Court has ruled, as a matter of law, that Defendants' products infringe Claim 33 of the '527 Patent and Claim 1 of the '111 Patent. As a result of this ruling, infringement is no longer an issue in this case. Defendants seek to limit any discussion of infringement to a brief statement set forth in the uncontroverted facts section of the Amended Pre-Trial Order.

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[1] Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[2]

Fed.R.Evid. 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.

The Court agrees that any discussion of infringement should be limited. The Court is unwilling, however, to make a broad ruling that any discussion of infringement should be

---

[1] Fed.R.Evid. 401.

[2] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed.R.Evid. 401 advisory committee's note).

excluded. As Plaintiff correctly points out, the jury will be asked, among other things, to consider damages for Defendants' infringement. Therefore, some discussion of infringement will be necessary. Thus, the Court will deny Defendants' Motion, but this ruling will not prevent Defendants from making appropriate objections during trial. The Court agrees with Defendants, however, that any reference to Defendants as "infringers" would be inappropriate and will trust that counsel will make no such reference, as they have indicated.

It is therefore

ORDERED that Defendants' Motion in Limine Re: Plaintiff's Reference to Defendants' Infringement (Docket No. 794) is DENIED WITHOUT PREJUDICE.

DATED   May 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge