IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>     Plaintiff,<br><br>vs.<br><br>CLOUD NINE, et al.,<br><br>     Defendants.<br>_____<br><br>CLOUD NINE, et al.,<br><br>     Counterclaim-Plaintiffs and<br>     Third-Party Plaintiffs,<br><br>vs.<br><br>EDIZONE, L.C.,<br><br>     Counterclaim-Defendant,<br><br>     and<br><br>TERRY PEARCE, et al.,<br><br>     Third-Party Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE FOR THE EXCLUSION OF EXPERT TESTIMONY BY DEFENDANTS' COUNSEL<br><br><br><br><br>Case No. 1:04-CV-117 TS |

1

This matter comes before the Court on Plaintiff's Motion in Limine for the Exclusion of Expert Testimony by Defendants' Counsel.

Defendants' exhibit list has four exhibits which contain the written opinions of Defendants' prior counsel on the issue of the validity of the patents at issue.[1]  Plaintiff argues that the expert opinions should be excluded because Defendants' counsel were not disclosed as experts.  Plaintiff also argues that the opinion letters are inadmissable hearsay.  Plaintiff further argues that the exhibits are inadmissible under Fed.R.Evid. 702.  Plaintiff finally argues that the exhibits should be prohibited under Rules 402 and 403.

Defendants indicate that they do not anticipate needing to introduce these exhibits into evidence.  Defendants also indicate that they do not intend to call their prior counsel as an expert witness, but may call him as a fact witness to rebut testimony from Plaintiff's counsel.  As a result of Defendants statements, the Court finds that the Motion should be granted.  Even if Defendants did intend to introduce these exhibits into evidence and call their prior counsel as an expert, that evidence would be excluded.

Fed.R.Civ.P. 26(a)(2) requires disclosure of expert testimony.  "If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[2]  The Court considers the following factors in determining whether a Rule 26(a) violation is justified or harmless: (1) the prejudice or surprise to the party against

---

[1] Plaintiff's Motion in Limine identifies these as Exhibits B7, C7, D7, and E7.  The Exhibit List submitted by Defendants to the Court identifies these exhibits as GB, GC, GD, and GE.

[2] Fed.R.Civ.P. 37(c).

whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[3]

The Court cannot find that Defendants' failure was substantially justified or is harmless. Plaintiff will be prejudiced by the introduction of Defendants' counsel's opinions. Plaintiff has not been provided a copy of the opinions and has not had the ability to depose Defendants' counsel on these opinions or conduct other discovery. There is no ability to cure this prejudice at this late date. This is especially true where Defendants' prior counsel are not identified as trial witnesses.[4] Thus, Plaintiff will have no opportunity to cross examine them on their opinions. Additionally, introduction of this evidence would likely disrupt the trial. Based on these considerations, the Court will exclude these exhibits under Rule 37(c).

It is therefore

ORDERED that Motion in Limine for the Exclusion of Expert Testimony by Defendants' Counsel (Docket No. 806) is GRANTED.

DATED   May 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[4] Defendants indicate that Mr. Pate is listed as a "may call" witness, but his name is not in the Amended Pre-Trial Order submitted to the Court.

3