IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>CLOUD NINE, et al.,<br><br>    Defendants.<br>_____<br><br>CLOUD NINE, et al.,<br><br>    Counterclaim-Plaintiffs and<br>    Third-Party Plaintiffs,<br><br>vs.<br><br>EDIZONE, L.C.,<br><br>    Counterclaim-Defendant,<br><br>    and<br><br>TERRY PEARCE, et al.,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION IN LIMINE REGARDING MISCELLANEOUS EXHIBITS<br><br><br><br>Case No. 1:04-CV-117 TS |

1

This matter comes before the Court on Plaintiff's Motion in Limine Regarding Miscellaneous Exhibits. Plaintiff seeks to preclude the admission of three exhibits which purport to be a Davidson Heal Cup,[1] Davidson Foot Pad,[2] and a Black Floor Mat[3] (the product exhibits). Plaintiff also objects to Defendants' invalidity charts[4] (the chart exhibits).

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[5] Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[6]

---

[1] Plaintiff has identified this as Exhibit S3. The materials submitted by Defendants identify this as Exhibit CS.

[2] Plaintiff has identified this as Exhibit T3. The materials submitted by Defendants identify this as Exhibit CT.

[3] Plaintiff has identified this as Exhibit N4. The materials submitted by Defendants identify this as Exhibit DN.

[4] Plaintiff has identified the invalidity charts as Exhibits K4, L4, T4, and G7. The materials submitted by Defendants identify the invalidity charts as Exhibits DK, DL, DT, and GG.

[5] Fed.R.Evid. 401.

[6] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed.R.Evid. 401 advisory committee's note).

Moreover, Federal Rule of Evidence 403 excludes otherwise relevant evidence,

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.[7]

Plaintiff first objects to the product exhibits on the grounds of authenticity. The Court will deny this objection without prejudice in order to allow Defendants to attempt to show the authenticity of these exhibits at trial. Plaintiff retains the ability to make appropriate objections during trial.

Turning to the chart exhibits, the Court agrees that the invalidity chart relating to the '450 Patent[8] is irrelevant and will be excluded. As to the remaining invalidity charts, the Court will take the Motion under advisement and rule on the issues as they arise at trial.

It is therefore

ORDERED that Plaintiff's Motion in Limine Regarding Miscellaneous Exhibits (Docket No. 808) is GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT.

DATED   May 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] Fed.R.Evid. 403.

[8] Exhibit T4 or DT.