IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>       Plaintiff,<br><br>vs.<br><br>CLOUD NINE, et al.,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE REGARDING DEFENDANTS' USE OF PARTY DEPOSITIONS<br><br><br>Case No. 1:04-CV-117 TS |
| CLOUD NINE, et al.,<br><br>       Counterclaim-Plaintiffs and<br>       Third-Party Plaintiffs,<br><br>vs.<br><br>EDIZONE, L.C.,<br><br>       Counterclaim-Defendant,<br><br>       and<br><br>TERRY PEARCE, et al.,<br><br>       Third-Party Defendants. | |

This matter comes before the Court on Plaintiff's Motion in Limine Regarding Defendants' Use of Party Depositions.

Both parties intend to call Tony and Terry Pearce as witnesses during trial. Defendants have also indicated that they intend to read the deposition testimony of Tony and Terry Pearce at trial and submit deposition transcripts as exhibits. As Tony and Terry Pearce will be appearing as live witnesses, Plaintiff seeks to preclude Defendants from reading at trial the depositions of these two individuals and submitting deposition transcripts as trial exhibits.

"The preference for a witness's attendance at trial is axiomatic. When the 'key factual issues' at trial turn on the 'credibility' and 'demeanor' of the witnesses, we prefer the finder of fact to observe live testimony of the witness."[1] "[A]lthough the federal rules provide a mechanism for the admission of deposition testimony, they do not alter the 'long-established principle that testimony by deposition is less desirable than oral testimony.'"[2] As Judge Learned Hand has stated: "The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand."[3]

The Court finds that while the depositions may be admissible as substantive evidence under Fed.R.Civ.P. 32, any probative value the depositions may have is substantially outweighed by the danger of confusion of the issues and misleading the jury.[4] Additionally, allowing the depositions of Tony and Terry Pearce, in addition to their live testimony, would result in a waste

---

[1] *Garcia-Martinez v. City and County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004).

[2] *Id*. at 1193 (quoting *Salsman v. Witt*, 466 F.2d 76, 79 (10th Cir. 1972)).

[3] *Napier v. Bossard*, 102 F.2d 467, 469 (2d. Cir. 1939).

[4] Fed.R.Evid. 403.

of time and a needless presentation of cumulative evidence.[5]  Therefore, the Court will exclude this evidence.  The Court will, however, allow use of the deposition testimony for impeachment purposes.

It is therefore

ORDERED that  Plaintiff's Motion in Limine Regarding Defendants' Use of Party Depositions (Docket No. 798) is GRANTED.

DATED   May 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Id*.