IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>CLOUD NINE, et al.,<br><br>    Defendants.<br>_____<br><br>CLOUD NINE, et al.,<br><br>    Counterclaim-Plaintiffs and<br>    Third-Party Plaintiffs,<br><br>vs.<br><br>EDIZONE, L.C.,<br><br>    Counterclaim-Defendant,<br><br>and<br><br>TERRY PEARCE, et al.,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING MOTIONS IN<br>LIMINE RE: REEXAMINATION<br><br><br><br><br>Case No. 1:04-CV-117 TS |

This matter comes before the Court on Plaintiff's Motion in Limine to Exclude Evidence Regarding a Third Round of Patent Reexaminations and the CrossGel Defendants' Motion in Limine #4 to Exclude Reference and Evidence Re: Re-Examination Proceedings.  For the reasons set forth below, the Court will grant both Motions and will exclude evidence concerning the reexamination proceedings.

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible."  Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[1]  Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[2]

Moreover, Federal Rule of Evidence 403 excludes otherwise relevant evidence,

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.[3]

In *Hoechst Celanese Corp. v. BP Chemicals Ltd.*,[4] the court "excluded evidence of preliminary reexamination findings by the patent office as having little or no probative value, and as being overly prejudicial."[5]  The Court agrees with the reasoning of that court.  The Court finds

---

[1] Fed.R.Evid. 401.

[2] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed.R.Evid. 401 advisory committee's note).

[3] Fed.R.Evid. 403.

[4] 846 F.Supp. 542, 547 (S.D.Tex.1994) *aff'd* 78 F.3d 1575 (Fed. Cir. 1996).

[5] *Id*. at 547.

that evidence concerning the reexamination proceedings is likely irrelevant because it does not have the tendency to make any fact more or less probable than it would otherwise be.  Further, any probative value of this evidence is substantially outweighed by the danger of confusion of the issues or misleading the jury.  Therefore, the Court finds evidence of any patent reexamination proceeding inadmissible.

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence Regarding a Third Round of Patent Reexaminations (Docket No. 800) is GRANTED.  It is further

ORDERED that Defendants' Motion in Limine #4 to Exclude Reference and Evidence Re: Re-Examination Proceedings (Docket No. 812) is GRANTED.

DATED   May 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge