IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EDIZONE, L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>CLOUD NINE, et al.,<br><br>    Defendants.<br>―――――――――――――――――<br>CLOUD NINE, et al.,<br><br>    Counterclaim-Plaintiffs and<br>    Third-Party Plaintiffs,<br><br>vs.<br><br>EDIZONE, L.C.,<br><br>    Counterclaim-Defendant,<br><br>    and<br><br>TERRY PEARCE, et al.,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND<br>ORDER ON PLAINTIFF'S<br>MOTIONS IN LIMINE RE: LANDI<br><br><br><br><br><br>Case No. 1:04-CV-117 TS |

1

This matter is before the Court on two related motions in limine. First, Plaintiff seeks exclusion of expert testimony by Curtis Landi. Second, Plaintiff seeks exclusion of expert deposition testimony of Landi.

Plaintiff's first Motion seeks to exclude at trial any expert testimony of Landi, including the construction of any patent term or illustration, the disclosure in his patent of any of the elements of the asserted patent claims at issue, or the qualifications, opinions, or motivations of a person of ordinary skill in the art. Plaintiff argues that Defendants failed to disclose Landi as an expert or provide an expert report as required by Fed.R.Civ.P. 26(a)(2) and that he should be excluded pursuant to Rule 37(c). Defendants state that they do not intend to call Landi as a live witness.

As Defendants have represented to the Court that they will not call Landi as a live witness, the Court will grant Plaintiff's Motion to exclude his testimony.

Plaintiff's second Motion seeks to exclude expert deposition testimony of Landi. The grounds for this Motion are that the deposition testimony is inadmissible under Fed.R.Evid. 702 because Landi was not qualified as an expert and that his testimony is inadmissible under Fed.R.Evid. 403. Defendants' oppose the Motion.

The Court is unable to rule on this Motion outside the context of trial. Until the Court knows what portion of Landi's testimony Defendant seeks to introduce, the Court cannot rule upon this Motion. The Court will not permit Mr. Landi's deposition testimony to be read to the jury to the extent such testimony consists of expert testimony. Mr. Landi was neither designated nor is qualified as an expert witness. Specifically, his testimony will not be allowed to the extent that he testified to the construction or analysis of a claim as a "person of ordinary skill in the art."

It is therefore

ORDERED that Plaintiff's Motion in Limine for the Exclusion of Expert Testimony by Landi (Docket No. 802) is GRANTED. It is further

ORDERED that Plaintiff's Motion in Limine for the Exclusion of Expert Deposition Testimony of Landi (Docket No. 804) is TAKEN UNDER ADVISEMENT.

DATED   May 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge